David B. Chenkin
Kenneth C. Rudd
Daniel P. Rubel
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

*Attorneys for Defendant
Bank of America, N.A., successor by merger to
Countrywide Bank, N.A.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCE M. HUTTER,<br><br>                    Plaintiff,<br><br>         v.<br><br>COUNTRYWIDE BANK, N.A., a subsidiary of COUNTRYWIDE FINANCIAL CORPORATION, WATERMARK CAPITAL, INC., EVOLUTION MORTGAGE INC.,<br><br>                    Defendants. | Case No.: 09 CV 10092 (CS)<br><br>**ANSWER WITH CROSS CLAIMS** |

Bank of America, N.A., successor by merger to defendant Countrywide Bank, N.A. ("BANA") by its attorneys, Zeichner Ellman & Krause LLP, answers the plaintiffs' Third Amended Complaint (the "Complaint"), upon information and belief, as follows:

1. BANA lacks knowledge or information sufficient to form a belief as to the truth of and refers all conclusions of law to the Court concerning all allegations contained in paragraphs 1, 2, 17, 48, 49, 55-56 and 66-68.

2. BANA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5, 8, 13, 89-93 and 95-96.

3. BANA lacks knowledge or information sufficient to form a belief as to the truth of and refers the Court to the referenced documents for their contents concerning the allegations in paragraphs 3, 10, 12, 15, 18, 19, 22, 23, 31 and 39.

4. BANA denies each and every allegation in paragraph 11, 14, 16, 20, 21, 29, 34-38, 50-52, 58 and 69-70.

5. BANA denies each and every allegation and refers the Court to the referenced documents for their contents concerning the allegations in paragraphs 4, 25, 30 and 32.

6. BANA denies each and every allegation and refers all conclusions of law to the Court concerning all allegations contained in paragraphs 40-41 and 140.

7. BANA lacks knowledge or information sufficient to form a belief as to the truth of and refers the Court to publicly available information regarding

"mortgage-lending companies" and "subprime lenders" concerning all allegations contained in paragraph 33.

8. BANA refers all conclusions of law to the Court, and denies each and every allegation in paragraph 57 except lacks knowledge or information sufficient to form as a belief as to the truth of the allegations against Watermark Capital Inc. ("Watermark") and Evolution Mortgage Inc. ("Evolution").

### FIRST AFFIRMATIVE DEFENSE

9. BANA did not owe any duties to Plaintiff in connection with the subject loan of this action.

### SECOND AFFIRMATIVE DEFENSE

10. The cause of action asserted in the Complaint may not be maintained against BANA as it has defenses founded upon documentary evidence.

### THIRD AFFIRMATIVE DEFENSE

11. Plaintiff's claims are barred, in whole or in part, because BANA's conduct at issue was consistent with the express language of Plaintiff's mortgage and loan documents, or otherwise provided by law.

### FOURTH AFFIRMATIVE DEFENSE

12. Plaintiff has failed, refused and/or neglected to take reasonable steps to mitigate her damages, including but limited to, Plaintiff's failure to submit a loan modification application and thus reducing or diminishing recovery by her.

### FIFTH AFFIRMATIVE DEFENSE

13. Plaintiff's claims and/or requested relief are barred, in whole or in part, by her own intentional, negligent or otherwise culpable wrongdoing.

### SIXTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims are barred by her own conduct from the relief sought, inasmuch as her damages, if any, were caused by her own actions or omissions, or the actions or omissions of third parties with whom she dealt.

### SEVENTH AFFIRMATIVE DEFENSE

15. Any alleged acts or omissions of BANA that gave rise to the claim of Plaintiff were justified by a legitimate business necessity or other legitimate reason.

### EIGHTH AFFIRMATIVE DEFENSE

16. Plaintiff's claim is barred by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

17.     Plaintiff's action is barred because she ratified the mortgage agreement.

## TENTH AFFIRMATIVE DEFENSE

18.     BANA provided proper notice to Plaintiff of her right to rescind the mortgage under 12 C.F.R. § 226.23 by providing Plaintiff with two copies of a notice to rescind as required under TILA.

## ELEVENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's GBL 349 claim is contradicted by closing documents.

## TWELFTH AFFIRMATIVE DEFENSE

20.     Plaintiff paid fees to Evolution for work actually performed in connection with the Loan.

## THIRTEENTH AFFIRMATIVE DEFENSE

21.     Plaintiff's payments of fees to Evolution did not violate RESPA.

## FOURTEENTH AFFIRMATIVE DEFENSE

22.     If there were any RESPA violations, such RESPA violations did not proximately cause Plaintiff a loss.

## FIFTEENTH AFFIRMATIVE DEFENSE AND
## FIRST CROSS-CLAIM AGAINST EVOLUTION AND WATERMARK

23. Plaintiff alleges misconduct against Evolution and Watermark, including Evolution and Watermark's alleged violations of GBL 349 and Evolution's alleged violations of RESPA.

24. To the extent that Plaintiff obtains judgment against BANA, BANA is entitled to a judgment over and against Evolution and Watermark, based on Evolution and Watermark's culpable conduct.

WHEREFORE, BANA demands judgment dismissing the Complaint, together with the costs and disbursements of this action and on the cross-claim, in the event judgment is entered against BANA, BANA demands judgment against Evolution and Watermark in a like amount; and for such other and further relief as is just and proper

Dated:   New York, New York
         December 12, 2011

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
    David B. Chenkin, Esq.
    Kenneth C. Rudd, Esq.
    Daniel P. Rubel, Esq.
    Attorneys for Defendant
      Bank of America, N.A., successor by
      merger to Countrywide Bank, N.A.
    575 Lexington Avenue
    New York, New York 10022
    (212) 223-0400

643407v3/DPR/2978.172

TO:   STEPHEN A. KATZ, P.C.
      Stephen A. Katz, Esq.
      Attorney for Plaintiff
      111 John Street, Suite 800
      New York, New York  10038
      (212) 349-6400

      THE BURNHAM LAW FIRM, PLLC
      Todd C. Burnham, Esq.
      Attorney for Defendants Watermark and Evolution
      11 Century Hill Drive
      Latham, New York  12110
      (518) 782-2733

      SACKSTEIN SACKSTEIN AND LEE, LLP
      Scott Ackerman, Esq.
      Attorney for Defendants Watermark and Evolution
      Sackstein Sackstein and Lee, LLP
      1140 Franklin Avenue, Ste. 210
      Garden City, New York  11530
      (516) 248 2234

          -and-

      SCOTT ACKERMAN, ESQ.
      740 East Broadway, Suite 4H
      Long Beach, New York  11561
      (631) 383-2016

## CERTIFICATE OF SERVICE

STATE OF NEW YORK,
COUNTY OF NEW YORK

Michael W. Antonivich, under the penalty of perjury declares the following: that I am over the age of eighteen years, and am not a party herein, and reside in Nassau County, New York and that on the 12th day of December, 2011, I served a true copy of the within **DEFENDANT BANK OF AMERICA, N.A.'S ANSWER WITH CROSS CLAIMS** upon the attorneys hereinafter named at the places hereinafter stated by depositing the same, properly enclosed in a post-paid, properly addressed wrapper, into the exclusive care and custody of a depositary maintained and controlled by the United States Post Office for delivery by first class mail to said attorneys at their last known addresses given below:

STEPHEN A. KATZ, P.C.
Steven A. Katz
Attorney for Plaintiff
111 John Street, Suite 800
New York, New York  10038

THE BURNHAM LAW FIRM, PLLC
Todd C. Burnham
11 Century Hill Drive
Latham, New York  12110

SACKSTEIN SACKSTEIN AND LEE, LLP
SCOTT ACKERMAN, ESQ.
1140 Franklin Avenue, Ste. 210
Garden City, New York  11530

SCOTT ACKERMAN, ESQ.
Attorney for Defendants Watermark,
Evolution, Joutz, Sciacca and Elliott
740 East Broadway, Suite 4H
Long Beach, New York  11561

Dated: December 12, 2011

MICHAEL W. ANTONIVICH