Case 7:09-cv-10092-CS   Document 58   Filed 01/03/12   Page 1 of 7

Margaret J. Leszkiewicz, Esq.
*Of Counsel*
*E-mail:* mjlesz@optimum.net
JANUS LAW, P.C.
825 East Gate Boulevard, Suite 308
Garden City, New York 11530
Tel. 516-683-1200

*Attorneys for Defendant*
*Evolution Mortgage, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

NANCE M. HUTTER,                                    Case No.: 09 CV 10092 (CS)

                          Plaintiff
                                                    **ANSWER WITH COUNTER-**
        v.                                          **CLAIM AND CROSS-CLAIM**

COUNTRYWIDE BANK, N.A., a subsidiary of
COUNTRYWIDE FINANCIAL CORPORATION,
WATERMARK CAPITAL, INC., EVOLUTION
MORTGAGE, INC.,

                          Defendants.
_____X

### DEFENDANT'S ANSWER

        Defendant EVOLUTION MORTGAGE, INC. (hereafter "EVOLUTION"), by its

attorneys, JANUS LAW, P.C., upon information and belief answers plaintiff's Third Amended

Complaint, dated November 9, 2011, as follows:

1.  EVOLUTION lacks knowledge or information sufficient to form a belief about the
    truth of the allegations set forth in paragraphs No. "1", "2", "3", "4", "5", "10", "11",
    "13", "15", "16". "18", "19", "22", "23", "25", "29", "30", "32", "33", "35", "36",
    "37", "39", "40" and "41".

1

2. EVOLUTION denies each and every allegation contained in paragraph No. "8", but admits that it is authorized to conduct business in the State of New York.

3. EVOLUTION denies each and every allegation contained in paragraphs No. "12", "14", "17", "20", "21", "31", "34", and "38".

### AS AND FOR CLAIM ONE AGAINST COUNTRYWIDE BANK, N.A.

4. EVOLUTION repeats and reiterates its responses to the allegations contained in paragraphs No. "1" through "47".

5. EVOLUTION lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraphs No. "48" and "52".

6. EVOLUTION lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraphs No. "49", "50" and "51", and refers all conclusions of law to the Honorable Court.

### AS AND FOR CLAIM ONE TWO AGAINST COUNTRYWIDE BANK, N.A., WATERMARK CAPITAL, INC., EVOLUTION MORTGAGE, INC.

7. EVOLUTION repeats and reiterates its responses to the allegations contained in paragraphs No. "1" through "54".

8. EVOLUTION lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph No. "55", and refers all conclusions of law to the Honorable Court.

9. EVOLUTION denies each and every allegation contained in paragraphs No. "56", "57", except lacks knowledge or information sufficient to form a belief as to the truth of the allegations against Countrywide Bank, N.A. and Watermark Capital, Inc.

10. EVOLUTION lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph No. "58".

2

## AS AND FOR CLAIM THREE AGAINST COUNTRYWIDE BANK, N.A. AND EVOLUTION MORTGAGE, INC.

11. EVOLUTION repeats and reiterates its responses to the allegations contained in paragraphs No. "1" through "65".

12. EVOLUTION lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraphs  No. "66", "67" and "68", and refers all conclusions of law to the Honorable Court.

13. EVOLUTION denies each and every allegation contained in paragraphs No. "69" and "70", except lacks knowledge or information sufficient to form a belief as to the truth of the allegations against Countrywide Bank, N.A.

## AS AND FOR CLAIM FOUR AGAINST WATERMARK CAPITAL, INC.

14. EVOLUTION repeats and reiterates its responses to the allegations contained in paragraphs "1" through "88".

15. EVOLUTION lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph No. "89", and refers all conclusions of law to the Honorable Court.

16. EVOLUTION lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraphs No. "90", "91", "93", and "96".

17. EVOLUTION denies each and every allegation contained in paragraphs No. "92" and "95", except lacks knowledge or information sufficient to form a belief as to the truth of the allegations against Watermark Capital, Inc.

18. EVOLUTION lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph No. "140", and refers all conclusions of law to the Honorable Court.

### REQUEST FOR DAMAGES

19. EVOLUTION denies each and every allegation contained in paragraphs "a" through "i", except lacks knowledge or information sufficient to form a belief as to the truth of the allegations against Countrywide Bank, N.A. and Watermark Capital, Inc.

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

20. Plaintiff failed to state a cause of action upon which relief can be granted.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred by the statute of limitations.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

22. This Court does not have subject matter jurisdiction over this matter.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

23. EVOLUTION did not owe a duty to plaintiff in connection with her claims.

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

24. Plaintiff's claims are barred by failure to commence her action in the proper venue.

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

25. Plaintiff's claims are barred by failure to effectuate sufficient process of service.

### AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

26. Plaintiff's claims, in whole or part, are barred by her failure, refusal or negligence to take reasonable steps to mitigate her claimed damages.

## AS AND FOR DEFENDANT'S EIGHTHAFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred, in whole or part, by her own contributory negligence in connection with entering into the transactions at issue in this complaint.

## AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims, in whole or part, are barred by laches.

## AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claims are barred by the doctrine of unclean hands.

## AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE

30. Plaintiff's claims are barred by the doctrine of *res judicata*.

## AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE

31. Plaintiff's claims are barred by the doctrine of issue preclusion.

## AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE

32. Plaintiff failed to assert claims against proper parties not named in the action.

## AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred by any or all of the following:  accord and satisfaction, arbitration and award, duress, fraud, failure of consideration, the statute of frauds, illegality, license, release and waiver.

## AS AND FOR A COUNTER-CLAIM

34. That as a result of plaintiff's claims against EVOLUTION, defendant has and will incur damages, attorney's fees, costs and expenses in an amount to be determined. Wherefore, defendant respectfully requests judgment be entered dismissing this complaint against EVOLUTION, granting defendant's counter-claim for costs and

disbursements relevant to this action, and for such other and further relief as this Court

deems just and proper.

## AS AND FOR CROSS-CLAIMS AGAINST DEFENDANTS BANK OF AMERICA, N.A., AS SUCCESSOR BY MERGER TO COUNTRYWIDE BANK, N.A., a subsidiary of COUNTRYWIDE FINANCIAL CORPORATION, AND WATERMARK CAPITAL, INC.

35. Plaintiff's asserts various claims against EVOLUTION, including but not limited to

violations of Deceptive Practices Act and Real Estate Settlement Procedures Act.   To

the extent that a verdict or judgment is rendered in favor of plaintiff in connection with

her claims against EVOLUTION, EVOLUTION is entitled to judgment, in whole or in

part, over and against Bank of America, N.A., as successor by merger to Countrywide

Bank, N.A., Countrywide Financial Corporation, and Watermark Capital, Inc., based

on contract, express or implied, and/or warranty, in connection with the co-defendants

culpable conduct.

WHEREFORE, defendant respectfully requests judgment dismissing plaintiff's complaint

against EVOLUTION, granting defendant's counter-claim for costs and disbursements relevant

to this action, and in the event of a verdict or judgment entered against EVOLUTION, then

granting EVOLUTION's cross-claims against co-defendants, and for such other and further

relief as this Court deems just and proper.

Dated: Garden City, New York
       January 3, 2012

                                        JANUS LAW, P.C.

                           By:   _____
                                        Margaret J. Leszkiewicz, Esq.
                                        *Of Counsel*
                                        *Attorneys for Defendant*

EVOLUTION MORTGAGE, INC.
825 East Gate Boulevard, Suite 308
Garden City, New York 11530
Tel. 516-683-1200
*E-mail: mjlesz@optimum.net*

TO:  *Via ECF/Attorneys of Record*