UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCE M. HUTTER, | Case No.: 09 CV 10092 (ER)(LMS) |
| Plaintiff, | |
| v. | **STIPULATION AND ORDER OF CONFIDENTIALITY** |
| COUNTRYWIDE BANK, N.A., a subsidiary of COUNTRYWIDE FINANCIAL CORPORATION, WATERMARK CAPITAL, INC., EVOLUTION MORTGAGE, INC., | |
| Defendants. | |

WHEREAS, the parties desire to limit the dissemination of documents and information regarding, inter alia, trade secrets, proprietary business information, competitively sensitive information and medical records("Confidential Information") to be produced by the parties or their respective counsel in this action; and

WHEREAS, the dissemination of Confidential Information to persons other than the parties or counsel of record for the parties in this action and their expert witnesses, for purposes otherwise unrelated to the prosecution or defense of this action, would cause the party producing Confidential Information substantial injury and competitive disadvantage.

**NOW, THEREFORE, IT IS HEREBY ORDERED,**

1.      "Confidential Information" as used herein shall refer to testimony or any document production, which is designated by counsel for the producing party (the "Designating Party") as "Confidential" based on a good faith belief that such

information constitutes proprietary information, confidential business information, trade secrets, confidential personal/financial information competitively sensitive information, medical records or other information the disclosure of which would in the good faith judgment of the Designated Party, be detrimental to the conduct of such party's business or its customer, or in the case of medical records, the party.

       2.     No party, counsel or other person receiving any Confidential Information in the course of this action, including any appeals, shall use such information for any purpose other than to assist in the prosecution or defense of this action.  The sharing of information with third parties not connected to this action, publicizing or publishing the information or posting it on the internet is expressly prohibited by this agreement.

       3.     Confidential Information shall be designated as confidential in the following manner:

    (a)    as to documents produced, all Confidential Information produced by the parties pursuant to this Order, shall, without obscuring legibility, bear the legend, whether by stamp or otherwise:

    CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER

    (b)    as to interrogatory responses or other inquiries, by noting in the response to the inquiry that the response contains confidential information; and

    (c)    as to depositions, by counsel noting at the deposition or within thirty days after receipt of a transcript of the deposition that the information is confidential.  For purposes of subsection (c) of this paragraph, deposition transcripts and exhibits shall be treated as Confidential Information pursuant to this Stipulation and Order for a period of thirty (30) days following receipt by all parties of the deposition transcript, unless otherwise agreed by the parties in

writing. After the expiration of this thirty (30) day period, only those portions of the deposition transcript and/or exhibits designated by one or more parties as "Confidential" shall thereafter be treated as Confidential Information pursuant to this Stipulation and Order.

(d) As to the medical records that the parties anticipate will be produced by health care providers, they shall be treated as Confidential Information whether or not stamped in accordance with paragraph 3 (a).

4. The failure of a party to designate information as Confidential Information or to be filed under seal does not preclude a party from subsequently designating information as Confidential Information or to be filed under seal.

5. No party receiving Confidential Information (a "Receiving Party") may produce, disclose, show or otherwise reveal any Confidential Information to any person and/or entity other than:

(a) counsel for the parties (including counsel's staff);

(b) experts or other persons retained to assist in the prosecution or defense of this action (subject to ¶ 6);

(c) personnel of third party vendors engaged by a party or counsel for a party to assist in (i) the coding, imaging or other management of documents produced in discovery in this action; or (ii) the preparation of demonstrative exhibits or other visual aids for presentation at a deposition, hearing or trial; provided that prior to showing

any Confidential Information to such person, such person signs an Undertaking in the form annexed as Exhibit A (the "Undertaking") prior to being shown any Confidential Information and counsel for the party retaining such person delivers it to counsel for the Designating Party.

(d)     deponents who have signed an Undertaking prior to being shown any Confidential Information;

(e)     this Court, Court reporters and such other Court personnel as appropriate;

(f)     if such Confidential Information consists of personal/medical/financial information, it may be disclosed to such person or such person's spouse; and

(g)     any other person acting upon Order of the Court or upon written consent of the Designating Party.

6.      Counsel for a Receiving Party may disclose Confidential Information to experts and consultants who are assisting in the preparation for and/or trial of this action.  Prior to disclosing any Confidential Information to any expert, counsel for such Receiving Party shall (1) determine that disclosure to an expert of particular Confidential Information is, in that counsel's good faith judgment, reasonably

necessary to the Receiving Party's prosecution or defense of this action, and provide to counsel for the Designating Party an Undertaking signed by such person.

7.     No one may attend, view, or review the transcripts of the portions of any depositions at which Confidential Information is shown or discussed, other than those persons authorized to have access to Confidential Information pursuant to ¶ 5.

8.     In the event that attorneys for the parties disagree at any stage of the proceedings with the designation of any information as Confidential Information, the parties shall first try to resolve the dispute in good faith on an informal basis and, following that, the party challenging the confidentiality designation may seek judicial intervention.  Until a contrary decision of the Court is reached, materials designated as Confidential Information shall be treated as Confidential Information.

9.     In any submission to be filed with the Court, every document, memorandum, brief, deposition transcript, or other item containing Confidential Information or a description thereof, shall bear a legend describing the contents as "Confidential" on the cover page and shall be filed with the Clerk of the Court under seal and shall not be available for inspection, except by the Court, the parties, and their respective counsel of record.

10.     Within one sixty (60) days of final disposition of this matter, whether by judicial determination or settlement (including any and all appeals that may be permitted by law), all documents containing Confidential Information including any work product of counsel or an expert other than papers filed with or submitted to the

Court, and any copies thereof, shall be (a) returned to the Designating Party by the Receiving Party; or (b) promptly destroyed by the Receiving Party, with written confirmation that all such documents have been destroyed.

11.     Sealed records which have been filed with the Clerk of the Court shall be removed by the party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within thirty (30) days after final disposition of the appeal.  Parties failing to comply with this order shall be notified by the Clerk of the Court that, should they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them.

12.     Neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any such action or omission (including the failure to object to the designation of an item as Confidential Information, shall constitute a waiver of any claim or defense in this or any other action, including, but not limited to, any claim or defense that any information is or is not proprietary to any party or that such information does or does not embody confidential or trade secret information of any party or that such information is or is not confidential personal/medical/financial information.

13.     Nothing contained in this Order, nor any action taken in compliance with it, shall be construed to preclude any party from:    (a) seeking additional protection or other relief from the Court with respect to any information or documents produced in discovery; (b) making any objection before or during a trial or other evidentiary hearing with respect to the use of the introduction into evidence of any

information or documents produced in discovery on any permissible ground, or (c) using its own documents for any purpose. In addition, nothing herein shall be construed to affect the conduct of the proceedings in this matter, the Court's management of this matter, including any trial or hearing. In addition, except to the extent of disclosures expressly contemplated herein, nothing herein shall be construed to relieve any Receiving Party of obligations concerning its use and/or disclosure which may exist under applicable law, including without limitation, the Fair Credit Reporting Act, other financial privacy laws and the Health Insurance Portability and Accountability Act.

14.    All duties and obligations imposed by this Order shall be deemed to survive the termination of this action, and the Court shall retain jurisdiction with respect to interpretation and enforcement of this Order.

15.    This Stipulation and Order may be signed in counterpart facsimile signatures. Upon execution, this Stipulation shall be binding upon the signatories and their clients regardless of whether it is "so ordered" by the Court.

Dated: New York, New York
       January 18, 2013

STEPHEN A. KATZ, P.C.                          JANUS LAW, P.C.

By: _____            By: _____
    Stephen A. Katz, Esq.                      Michael E. Janus, Esq.
    Attorneys for Plaintiff                    Attorneys for Defendant
    111 John Street, Suite 800                   Evolution Mortgage, Inc.
    New York, New York 10038-3180              825 East Gate Boulevard, Suite 308
    (212) 349-6400                             Garden City, New York 11530
                                               (516) 683-1200

information or documents produced in discovery on any permissible ground, or (c) using its own documents for any purpose. In addition, nothing herein shall be construed to affect the conduct of the proceedings in this matter, the Court's management of this matter, including any trial or hearing. In addition, except to the extent of disclosures expressly contemplated herein, nothing herein shall be construed to relieve any Receiving Party of obligations concerning its use and/or disclosure which may exist under applicable law, including without limitation, the Fair Credit Reporting Act, other financial privacy laws and the Health Insurance Portability and Accountability Act.

14.    All duties and obligations imposed by this Order shall be deemed to survive the termination of this action, and the Court shall retain jurisdiction with respect to interpretation and enforcement of this Order.

15.    This Stipulation and Order may be signed in counterpart facsimile signatures. Upon execution, this Stipulation shall be binding upon the signatories and their clients regardless of whether it is "so ordered" by the Court.

Dated: New York, New York
       January 18, 2013

STEPHEN A. KATZ, P.C.

By: _____
    Stephen A. Katz, Esq.
    Attorneys for Plaintiff
    111 John Street, Suite 800
    New York, New York 10038-3180
    (212) 349-6400

JANUS LAW, P.C.

By: _____
    Michael E. Janus, Esq.
    Attorneys for Defendant
      Evolution Mortgage, Inc.
    825 East Gate Boulevard, Suite 308
    Garden City, New York 11530
    (516) 683-1200

ZEICHNER ELLMAN & KRAUSE LLP     LAW OFFICE OF JOHN T. SERIO

By: _____      By: _____

    Kenneth C. Rudd                        John T. Serio, Esq.
    BJ Finneran                            Attorneys for Defendant
    Attorneys for defendant Bank of          Watermark Capital, Inc.
      America, N.A., successor by merger     114 Old Country Road, Suite 420
      to Countrywide Bank, N.A.              Mineola, New York 11501
    575 Lexington Avenue                   (516) 248-5317
    New York, New York 10022
    (212) 223-0400

SO ORDERED:

Hon. Lisa Margaret Smith
U.S.M.J.        2/7/13

#686684v1/BJF/2978-172

8

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCE M. HUTTER,<br><br>                              Plaintiff,<br><br>                              v.<br><br>COUNTRYWIDE BANK, N.A., a subsidiary of<br>COUNTRYWIDE FINANCIAL<br>CORPORATION, WATERMARK CAPITAL,<br>INC., EVOLUTION MORTGAGE, INC.,<br><br>                              Defendants. | Case No.: 09 CV 10092 (ER)(LMS) |

## UNDERTAKING PURSUANT TO STIPULATION AND CONFIDENTIALITY ORDER GOVERNING THE PROTECTION OF CONFIDENTIAL INFORMATION

I, _____, declare that my address is _____.
My current employer is _____.
My current occupation is _____.

1.     I declare under penalty of perjury that I have read in its entirety and understand the Stipulation and Order of Confidentiality governing the Protection of Confidential Information (the "Confidentiality Order") that was entered by the United States District Court for the Southern District of New York on _____, in the above-captioned matter. All capitalized terms as used in this Undertaking shall have the same meanings as in the Confidentiality Order.

2.     Counsel for the party that has retained me has advised me that they intend to provide certain Confidential Information to me in connection with this action. I agree to comply with and be bound by all the terms of the Confidentiality Order and I understand and acknowledge that failure to do so could expose me to sanctions and punishment in the nature of contempt. I will not use any Confidential Information except to the extent permitted by the Confidentiality Order, and will not disclose such Confidential Information to any person or entity except in strict compliance with the Confidentiality Order.

3.      Promptly upon the termination of my involvement in this action for which I have been provided Confidential Information, I will return any materials containing Confidential Information that came into my possession to the persons who furnished those documents to me.

4.      I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of enforcement of the Confidentiality Order in this action, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.


Date:                        _____


Printed Name:                _____


Full Business or Home Address:        _____

                             _____

                             _____


Signature:                   _____