# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

DIRECT DIAL
(212) 826-5354
bjfinneran@zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

April 17, 2013

**VIA FACSIMILE**

Honorable Lisa Margaret Smith
United States Magistrate Judge
The Hon. Charles L. Brieant, Jr.
 Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601-4150

RECEIVED APR 17 2013 HON. LISA ___ ___TH

**Facsimile No.: (914) 390-4135**

Re: **Nance Hutter v. Countrywide Bank, N.A., et al.
Case Number -09 Civ. 10092 (ER)(LMS)**

Dear Judge Smith:

      We are counsel to defendant Bank of America, N.A., successor to named defendant Countrywide Bank, N.A. ("BANA"). This letter is in response to the letter dated April 11, 2013 (the "Letter") sent by plaintiff's counsel, Stephen A. Katz, requesting that the court hold a pre-motion conference regarding plaintiff's proposed motion that the Court reverse its denial of plaintiff's application to serve notice of a handwriting expert. Holding such a conference would be a waste of judicial and party resources, as would any subsequent motion.

      The Letter merely rehashes the arguments rejected by the Court at the conference on March 20, 2013, directly contradicts the allegations in plaintiff's Third Amended Complaint ("TAC"), and intentionally ignores the fact that plaintiff admitted possession—since December 2006—of the very loan documents she claims were forged. Consequently, plaintiff's attempt to attribute the delay in uncovering the alleged forgery to the disruption caused by Hurricane Sandy is demonstratively false.

      Pursuant to the Civil Case Discovery Plan and Scheduling Order dated May 24, 2012 (the "Discovery Order"), signed by Judge Ramos, plaintiff was required to provide the identity of her expert witnesses, their curriculum vitae and respective reports by July 1, 2012. Subsequently, the defendants consented to Mr. Katz's request for an extension of the deadline regarding expert discovery until July 16, 2012. As the Court is no doubt aware, Hurricane Sandy did not unleash its wrath until October 29, 2012.

# ZEICHNER ELLMAN & KRAUSE LLP

Honorable Lisa Margaret Smith
April 17, 2013
Page 2

Thereafter, at plaintiff's request Judge Ramos issued an order on November 5, 2012 extending plaintiff's deadline to serve expert notice until November 19, 2012. Subsequently, at the status conference on December 17, 2012 this Court extended the deadline until January 7, 2013. As a result, Mr. Katz received no less than 3 extensions of the very deadline he proposed.

Moreover, plaintiff's claim that the loan documents, including the loan application, are forgeries is directly contradicted by the claims in the TAC. Paragraph 18 of the TAC states, "In several 'preclosing' documents, including Hutter's loan application ---- which she actually signed at the closing ceremony of Countrywide's $1.785 million loan...." (emphasis added). Further, in Paragraphs 25, 40 and 50 (a) plaintiff makes direct reference to receipt and possession of "loan documents". Surely, drafting and serving three separate complaints gives a litigant ample opportunity to succinctly and accurately state their claims. Moreover, the allegations in the complaint evidence plaintiff's familiarity with the loan documents and their contents.

In addition, plaintiff's Rule 26(a)(1) Disclosure, dated June 26, 2012 states on page three that "[a]ccompanying these disclosures are (a) a set of the closing papers that were sent to Mrs. Hutter after the 11-DEC-2006 closing." Served with the disclosure were loan documents bearing plaintiff's signature, including, *inter alia*, the loan application, HUD-1 Closing Statement, Good Faith Estimate, TILA Statement, Notice of the Right to Cancel, Itemization of the Amount Financed, Loan Application and Disclosure Acknowledgement. Further, in plaintiff's response to BANA's Request for Production of Documents dated October 4, 2012, plaintiff acknowledges signing the loan application and receipt of the above referenced documents at the closing of the loan. Included in the production were over 200 pages of loan documents including all of the documents plaintiff now claims are "forgeries".

Indeed, plaintiff long ago possessed the very documents she now claims are forgeries and unequivocally represented them to defendants as part of her loan file. Therefore, counsel's claim that plaintiff did not have an opportunity to uncover the alleged forgery until recently is preposterous and disingenuous. In fact, plaintiff had over five years to review the documents at the heart of this action and make any allegations concerning them, including the most fundamental one-that the signature on certain loan documents is not hers. Moreover, the TAC categorically admits that plaintiff signed the loan application and it, along with the Rule 26 Disclosure and plaintiff's interrogatory response, is utterly bereft of any mention of forgery. Mr. Katz is correct by alleging in the Letter that fraud may be afoot, but one clearly not perpetuated by BANA.

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Lisa Margaret Smith
April 17, 2013
Page 3

As it is beyond dispute that plaintiff possessed the loan documents at issue five years before BANA's production, the invocation by counsel of the displacement caused by Hurricane Sandy as a reason for the delay in uncovering the "forgery" is a red herring and an insult to those persons genuinely impacted by the storm. Lastly, plaintiff provides no medical evidence for the allegation that her purported "disability" prevented her from realizing a forgery occurred until recently. Indeed, it would be incredible to opine that plaintiff is so disabled that it took her over five years to comprehend that the signature on the referenced documents is not hers.

Consequently, as plaintiff fails to provide the court with a factual or legal basis to reverse the denial of a handwriting expert we respectfully request the Court deny plaintiff's request for a pre-motion conference. If plaintiff makes such a motion, we reserve the right to address all appropriate facts and legal theories.

Respectfully yours,

BJ Finneran, Esq.

BJF:jd
Enclosures

cc:   Stephen A. Katz, Esq. (by facsimile)
      Michael Janus, Esq. (by facsimile)
      John T. Serio, Esq. (by facsimile)