# Stephen A. Katz, P.C.
## Attorney at Law

111 JOHN STREET, SUITE 800
NEW YORK, NY 10038-3180
(212) 349-6400 FAX: (646) 308-1170
1-(800) 251-3529
sakatz00@aol.com



*Stephen A. Katz* (MA, NY & PA)

11 April 2013

Honorable Lisa Margaret Smith
The Hon. Charles L. Brieant Jr. Federal Building and
 United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re: Hutter v. Countrywide Bank, N.A., S.D.N.Y. no. 09-CIV-10092 (ER) (LMS)

Dear Ms. Smith:

As counsel for the plaintiff, Nance M. Hutter, I am writing to request that the Court hold a pre-motion conference on a motion that Mrs. Hutter proposes to make asking, under Rule 60(b), that the Court reverse its denial of Hutter's request to name a handwriting expert.

The ground for Hutter's motion will be, first and foremost, the seriousness of the charge that she levels against defendants Evolution Mortgage Inc. and Countrywide Bank, N.A., which is that they produced fourteen documents in discovery on which Hutter's signature or initials are forged. Hutter needs a handwriting expert to substantiate the forgery.

The forged documents consist of papers that Hutter was supposed to sign shortly before she took out the $1.785 million mortgage loan from Countrywide Bank, on 11 December 2006, that is the subject of this lawsuit. The forgeries include a loan application, a pre-application disclosure and fee agreement, a good-faith estimate, and other standard pre-loan papers. If those papers are entered in evidence instead of being exposed as forgeries, they will perpetrate a fraud on the Court and harm Hutter's case. That is because they will falsely portray Hutter as having understood and consented to her Countrywide loan, which will undermine her claim under New York's Deceptive Practices Act that the defendants' misrepresentations induced her to take out the loan.[1] The forgeries, indeed, constitute additional deceptive practice by the defendants that Hutter was unaware of when she filed this lawsuit.

Rule 60(b)(1) allows a court to relieve a party of an order that was granted because of the party's excusable neglect,[2] and that provision applies here, because Hutter asked to name a handwriting expert witness late but she has a *reasonable excuse* for her lateness. That is, at a conference on 20 March 2013, the Court denied Hutter's request to name a handwriting expert witness because the deadline for designating experts had passed on 7

---

[1] *See* Third Am. Compl. ¶¶ 54–58.

[2] Fed. R. Civ. P. 60(b)(1), ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;").

---

*[Handwritten margin note:]* Deemed letter motion; Motion denied. Plaintiff is not prejudiced because she may offer opinion of a lay witness previously familiar with her handwriting, or she may ask the jury

to conduct its own comparison of the allegedly forged signatures with her handwriting. See US v. Sanet, 466 F.3d 251, 255 (2d Cir 2006). In any event, the proffered excuse for late notice of the proposed expert is inadequate to explain the delay of 9½ months.

Lisa Margaret
USMJ

4/17/13

Honorable Lisa Margaret Smith
11 April 2013
Page two

---

January 2013.[3] But Hutter suffers from traumatic brain injury with a 21% disability rating, due to an automobile accident that she was involved in on 21 November 2006; and the injury hampers her ability to review documents. Consequently, she did not spot the forgeries until after the 07-JAN-2013 deadline for naming experts. Hutter was also delayed by the fact that my law office is in New York City's financial district, and Hurricane Sandy shut down the office for fifty-five days between 29-OCT-2012 and 24-DEC-2012. That delayed my providing Hutter the 900 documents that defendants Evolution Mortgage and Countrywide Bank produced in discovery, which documents contain the forgeries. Hutter's brain injury and the storm are thus reasonable excuses for her not realizing that she needed a handwriting expert sooner.

Hutter's request that the Court revise its refusal to let her designate a handwriting expert witness satisfies the three criteria that the Second Circuit has promulgated to decide a Rule 60(b)(1) motion.[4] Hutter did not *willfully* seek to name a handwriting expert late; she has a *meritorious defense*, in that her charge that fourteen documents are forged is meritorious; and her naming a handwriting expert witness will not *prejudice* the defendants, since they will be able to retain experts of their own.

Another reason that the Court should grant Hutter's proposed motion is that Rule 60(b)(3) permits a court to revise an order if there has been fraud, misrepresentation, or misconduct by an opposing party.[5] A defendant's forging fourteen documents, as defendant Evolution Mortgage or defendant Watermark Capital appears to have done, undeniably constitutes fraud, misrepresentation, or misconduct. And the forged documents will prevent Hutter from fully and fairly presenting her case—specifically, from presenting her Deceptive Practices Act claim—which is this Court's criterion that a party must satisfy in order to come within Rule 60(b)(3).[6]

For the foregoing reasons, plaintiff Nance M. Hutter asks that the Court convene a pre-motion conference concerning Hutter's proposed motion that the Court to reverse its refusal to let Hutter name a handwriting expert witness.

Thank you for your consideration.

---

[3] *See* Docket Minute Entry of 17-DEC-2012.

[4] *See American Alliance Ins. Co. Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996).

[5] Fed. R. Civ. P. 60(b)(3) ("On motion and just terms, the court may relieve a party or its legal representative from a[n] ... order ... for the following reasons: ... (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;").

[6] *See Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003).

Honorable Lisa Margaret Smith
11 April 2013
Page three

---

Sincerely yours,

Stephen A. Katz