# LAW OFFICE OF JOHN T. SERIO
### ATTORNEY AT LAW

114 OLD COUNTRY ROAD
SUITE 420
MINEOLA, NY 11501

JOHN T. SERIO

TEL (516) 248-5317 Ext. 14
FAX (516) 294-5348
EMAIL jtserio@optonline.net

May 10, 2013

**By Facsimile**
Honorable Lisa Margaret Smith
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150
Courtroom 621



RECEIVED
MAY 10 2013
HON. LISA MARGARET SMITH
U.S.M.J.

Re:   Nance M. Hutter v. Countrywide Bank, N.A. et al.,
      Case #: 09 CV 10092 (CS) (LMS)

Dear Magistrate Smith:

My office represents defendants' Watermark Capitol Inc., and Nicholas Joutz in the above referenced matter. Counsel for the remaining plaintiff's are aware of this correspondence. I have yet informed plaintiff's counsel as I believe time is of the essence. I will forward this correspondence to all counsel.

As you may be aware, on April 30th, a conference was held before your Honor concerning this matter. During that conference, a schedule was agreed upon by which plaintiff's depositions were to begin on Monday, May 13th and continue on Wednesday and again Friday of next week. This schedule was reached as an accommodation to the plaintiff and her mental/physical health. As you may recall, Plaintiff's counsel, Steven Katz, conveyed to your Honor that as a result of a deposition conducted by me two weeks prior, Ms. Hutter was caused to go to the hospital for mental stress. A letter to that effect has been provided to your Honor by plaintiff's physician.

About an hour ago, all three defense counsel received a letter via e-mail from Mr. Gerard Hutter, plaintiff's husband. The tone and content of the letter are quite disturbing. In short, the letter is addressed to me and is demanding, amongst other things, that I reimburse the Hutter's for medical expenses incurred as a result of the aforementioned EBT. In addition, there are statements made therein that I believe seriously call in to question the validity of the complaint before your Honor. I have enclosed that letter for Your Honor's review.

Being that I have been financially threatened by Mr. Hutter, I am very hesitant to begin depositions as scheduled until we have had an opportunity to address this matter with your Honor in more detail. I therefore seek your Honor's intervention.

All three defense counsel can appear before Your Honor on Monday or Tuesday if more convenient to the court, preferably late morning. I request that the deposition schedule be altered in light of the foregoing.

Thank you for your courtesy and consideration in this matter.

                                            Respectfully submitted

                                            John T. Serio
                                            (JTS 0007)
                                            Counsel for Watermark, Inc.
                                            & Nicholas Joutz

TO:    BJ Finneran
        Zeichner Ellman & Krause LLP
        Attorney for defendant Country Wide
        575 Lexington Avenue
        New York, NY 10022
        Fax - (212 - 753 - 0396

        Steven A. Katz, P.C.
        *Attorney for Plaintiffs*
        111 John Street, Suite 800
        New York, NY 10038
        Fax (212) 349-6407

        Michael Janus
        Attorney for Evolution Mortgage Inc.
        and Joseph Sciacca
        825 East Gate Blvd.
        Suite 308
        Garden City, NY 11530
        Fax (516) 320-8949

May 10 2013 1:27PM GRANDINETTE & SERIO LLP 516 2945348 p.4
Case 7:09-cv-10092-ER-LMS Document 86 Filed 05/13/13 Page 3 of 4

Page 1 of 2

| | |
|---|---|
| From | "Michael Janus, Esq." <mike@januslaw.com> |
| Date | Friday, May 10, 2013 2:34 pm |
| To | "'jtserio@optonline.net'" <jtserio@optonline.net> |

Law office
John T. Serio
114 Old Country Road
Suite 420
Mineola, NY, 11501


Re: Nance M. Hutter vs. Citibank, Index No. 57298/2011
Deposition of Nance Hutter on April 12, 2013.

1. Several months prior to the deposition you and counsel of co-defendants in the companion cases (Hutter v. Coutrywide and Hutter v. PNC bank) demanded Hippa releases for the complete and all medical files of the Plaintiff Nance M Hutter and are presently in possession thereof.
2. We reluctantly agreed to this because Plaintiffs Medical conditions, specifically her motor vehicle accident on 11/21/2006 are of issue at above cases.
3. Therefore, you have been and are privy to her detailed medical condition from that day forward; specifically that she was hit by a truck with a force of about 40 G, and consequently was diagnosed with a 21% disability rating. What that means in real terms, you - as learned officers of the court – are only too aware of.
4. It appears that you requested this confidential medical information to study the plaintiffs (mental) weaknesses, limitations, vulnerabilities, stamina, etc., to explore and misuse this information to manipulate and coerce her to agree and testify about issues and events she has no, or at best limited knowledge of, and/or confront her with documents of highly questionable integrity, she has no knowledge of. Such documents are evident especially in the second half of your "examination", when it becomes very clear what your intentions are and for what purpose. I am referring to an issue in the companion case Hutter vs. PNC bank (evolution) where we have a whole host of fraudulent documents at hand as evidence, as you only too well aware of.
5. In this course, you have not only aggravated my wife's condition but it appears that you have caused her additional pain, suffering and additional injury, not to mention all the side effects.
6. In the aftermath of this "deposition" we experienced a seemingly non ending escalation of the patient's anxiety, migraines and suffering with all kinds of side effects additionally to the intense pain shew had to endure. After 4 days on April 16 2013 I (we) decided that an emergency visit to Dr. Litchman was imperative, Dr. Mueller was on vacation.
7. This resulted in Dr. Litchman's letter of 4/16, which was forwarded to you immediately. She also instructed to go to the Emergency Room at Stamford Hospital to get further tested and examined which we did immediately after we left her office.
8. The rest of the week and beyond Mrs. Hutter was in agony with excruciating headaches and mental anguish. Her appointment with Dr. Mueller on 4/24/13 resulted in the letter and findings he issued and addressed to the judges in all 3 cases.
9. To do this to an injured woman with TBI and a disability rating of 21% is not only unconscionable and cruel, a violation of a whole host of ethical standards, you are only too well aware of I don't hesitate to remind you, a violation of basic human rights, and the Americans with Disabilities Act (1990), not to mention just basic decency.
10. You did so with pre-meditation, intention and malice (some call you methods you employed mental torture).
11. The attached invoices reflect the medical expenses in this episode so far. They also should satisfy the

May 10 2013 1:27PM  GRANDINETTE & SERIO LLP  516 2945348  p.5
Case 7:09-cv-10092-ER-LMS  Document 86  Filed 05/13/13  Page 4 of 4

Page 2 of 2

curiosity of some "cynical" loudmouth colleagues of yours. I demand that you pay those invoices directly forthwith, with a receipt forwarded to me.

12. In the "Citibank" case (Watermark) which you represent and held this Inquisition for, there is only one issue: Did your client and its associated Companies and officers/owners have a Mortgage broker license in New York or not? Since the answer is obvious (no), no amounts of weasel maneuvers will white wash that fact. You might as well face that fact.

13. I, and only I negotiated those three mortgage deals with the collective Defendants, the hodge podge of companies and it's officers/owners, and others yet to be named, the details of which you know. The Plaintiff had absolutely nothing to do with any of them, except at the closing. Three weeks before the closing of the Countrywide mortgage on 12/11/2006, she was involved in a Motor vehicle accident (11/21/2006) and was seriously injured and partially disabled and was therefore not in possession of her faculties at that closing, a fact everyone present was very aware of. Therefore, she does not have any facts you can "press" out of her, no matter what you do and how many slick mental "tricks" you apply. Some call the methods you use torture.

14. From the very beginning on 12/10/04 this entire collective affair was a fraudulent conspiracy to deceive, obviscate, swindle, the public as partially described in our pleadings. The collusion is not only obvious, but clearly visible and already proven as far as I'm concerned. The fraud is broad and far reaching. The collusion seems to continue now through their lawyers, in order to cover up the truth and the facts. Your only "defense" seems to be, to use *"In terrorum"* effects, fraudulent documents and a host of threats to get the plaintiff to "drop the cases". In other words, a truly "criminal enterprise" as Professor Brescia, our expert who is an authority in these matters and teaches law (the ethical kind) in Albany and NYC, describes it.

It is impossible to describe the disgust and contempt I feel for you, both as a man and as a "professional". I just can promise you that this will not stand. Shame on you!

Gerhard P. Hutter
175 hickory Kingdom Rd.
Bedford NY, 10506



Janus Law, P.C.

Michael Janus, Esq.
825 East Gate Boulevard - Suite 308
Garden City, NY 11530
Tel   516-683-1200
Fax  516-320-8949
Cell  516-242-7145
e-mail mike@januslaw.com