# Stephen A. Katz, P.C.
## Attorney at Law

111 JOHN STREET,  SUITE 800
NEW YORK,  NY   10038-3180
(212) 349-6400 FAX: (646) 308-1170
1-(800) 251-3529
sakatz00@aol.com

*Stephen A. Katz*   (MA, NY & PA)

12 September 2013

Honorable Lisa Margaret Smith
The Hon. Charles L. Brieant Jr. Federal Building and
   United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re: Hutter v. Countrywide Bank, N.A., S.D.N.Y. no. 09-CIV-10092 (NSR) (LMS)

Dear Judge Smith:

    As counsel for the plaintiff Nance M. Hutter, I am writing to inform the Court that defendant Watermark Capital, Inc. has produced almost no documents in response to Mrs. Hutter's requests for production,[1] and to request an informal conference on the matter.[2] Until now Hutter has had no grounds for contesting that obstructive attitude, but she has obtained evidence that makes Watermark's position untenable.

    The California mortgage broker Watermark Capital has refused to comply with Hutter's request for production of documents because it denies having any involvement in brokering the $1.785 million loan that Hutter took out from Countrywide Bank, N.A. on 11-DEC-2006. Watermark's reasoning, according to its counsel John T. Serio, is as follows:

    First, the broker insists that Charles Dragna, who in 2006 was an officer of Watermark, worked with the licensed New York mortgage broker and defendant in this case Evolution Mortgage Inc. to arrange the Hutter loan. *Dragna co-brokered Hutter's loan while acting in his individual capacity, not in his capacity as a representative of Watermark,* Watermark contends. Evidence supporting that contention consists of a 2006 IRS Form 1099 that Evolution Mortgage issued, showing that in 2006 Evolution paid the individual Charles Dragna $13,398.75,[3] which was about 90% of the $14,917.50 in mortgage broker's fees that Evolution Mortgage received for acting as the broker of record for Hutter's $1.785 million Countrywide loan. Evolution Mortgage's president Joseph Sciacca has explained in deposition that Evolution paid that $13,398.75 to Dragna to compensate him for co-brokering Hutter's loan. So Watermark avers that Dragna individually, not the corporation Watermark, co-brokered in cooperation with Evolution Mortgage, Hutter's Countrywide loan.

---

[1]   *See* Ex. A (Watermark's response to Hutter's Req. Produc. Docs.).

[2]   *See* Local Civil Rule 37.2

[3]   *See* Ex. B (Form 1099)

Honorable Lisa Margaret Smith
12 September 2013
Page two

Watermark Capital's second ground for contending that it had no involvement in brokering Hutter's Countrywide loan is that Todd Matthews, the person in Watermark's office whom Mrs. Hutter's husband Gerhard Hutter dealt with by phone during August–December 2006 to arrange the Countrywide loan, was not a Watermark employee but an independent contractor with whom Watermark had no involvement.

Up till now Hutter has had little evidence to refute Watermark Capital's contention of non-involvement in brokering her loan, so she has not moved to compel Watermark to answer her discovery requests. Instead, Hutter has waited to depose a Watermark corporate officer, in hope of unearthing evidence that Watermark helped broker Hutter's loan.

On the evening of Monday 9 September 2013, however, I received from Evolution Mortgage's counsel Michael Janus documentary evidence that makes Watermark Capital's claim of non-involvement in brokering Hutter's Countrywide loan, untenable. Janus e-mailed me a $13,398.75 check from Evolution Mortgage that is dated 27-DEC-2006 and that is payable to Charles Dragna; that supports Watermark's contention that Dragna individually, not Watermark, co-brokered Hutter's loan. However, the back of the check shows that *Dragna endorsed the check over to Watermark Capital.*[4]

That endorsement changes everything. It means that Watermark can no longer claim that it was not involved in brokering Hutter's Countrywide loan, because it was Watermark, not Charles Dragna or Todd Matthews, who got paid the broker's fees for brokering the loan. It means that Watermark's rationale for not complying with Hutter's document requests—which is that Watermark did not co-broker Hutter's loan with Evolution Mortgage—is false, and that Watermark has always known that that rationale is false, because it knows that it received the $13,398.75 payment.

It is because Watermark Capital has shown bad faith in answering Hutter's document requests that Hutter has only now learned that Watermark received the broker's commissions for Hutter's loan. Watermark should have produced the $13,398.75 check that I just received from Evolution Mortgage, thirteen months ago. That is, Hutter's document requests of 08-JUL-2012 sought "[c]opies of both sides of every check that Watermark Capital or its attorney has ever issued or received in connection with a mortgage loan that Countrywide Bank made to the plaintiff," and that request encompassed the $13,398.75 check. But instead of producing the check, Watermark stated a falsehood: "Watermark did not receive from, nor make any payment to, any entity associated with the mortgage loan at issue," it claimed.[5] But since Watermark received $13,398.75 from the "entity" Evolution Mortgage Inc., which was "associated with the mortgage loan at issue" in that Evolution was the Countrywide loan's mortgage broker of record—given those facts, Watermark

---

[4]   *See* Ex. C ($13,398.75 check).

[5]   *See* Ex. A (Watermark's response to Hutter's Req. Produc. Docs.) no. 13.

Honorable Lisa Margaret Smith
12 September 2013
Page three

willfully stated a falsehood when it claimed that it never received any payment from any entity associated with Hutter's mortgage loan.

And if Watermark Capital no longer had the $13,398.75 check when it answered Hutter's requests for production, that is no excuse, because the requests instructed it to "describe, if you no longer have the document, those of the documents requested below that are now, or were formerly, in your possession." So Watermark's not having the $13,398.75 check did not relieve it of the duty to describe the check to Hutter.

A deposition of a representative of Watermark Capital is scheduled for next week on 17–18 September 2013; but Hutter asks that the deposition be adjourned until Watermark has complied with her requests for production of documents. To date Watermark has given Hutter *nothing*: no loan file for the Countrywide loan; no personnel files of the people who worked on the loan; no correspondence between Watermark and Countrywide; etc. In addition, Hutter needs copies of all checks that Watermark Capital issued to Todd Matthews after her Countrywide loan closed, because she needs to see if Watermark paid Matthews a commission, out of the $13,398.75, for arranging Hutter's loan. (If Watermark paid Matthews such a commission, that will destroy its contention that Matthews was an independent contractor whose work on Hutter's loan did not involve Watermark).

Hutter respectfully asserts that she should not be forced to depose Watermark's representative without first being given the documents that Watermark should produce— and that it should have produced thirteen months ago—in response to her discovery requests. Otherwise, at deposition Hutter will not know what questions to ask about many topics that Watermark's documents should clarify; and that would reward Watermark for obstructing discovery. So Hutter asks that the Watermark deposition be postponed until the broker fulfills its discovery obligations to her.

Thank you for your consideration.

Sincerely yours,

Stephen A. Katz

SAK
[I]
cc: All counsel of record

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
NANCE M. HUTTER,                                         Case No. 09-CV-10092

                    Plaintiff,

                                         **RESPONSE TO PLAINTIFFS**
                                         **DOCUMENT DEMAND**

              -against-

COUNTRYWIDE BANK N.A. a subsidiary of
COUNTRYWIDE FINANCIAL, WATERMARK
CAPITAL, INC., EVOLUTION MORTGAGE INC.

                       Defendants,
--------------------------------------------------------------------x

      Defendant Watermark Capital Inc., **by** their attorney's Law Offices of John T.

Serio, upon information and belief, responds to plaintiff Nance M. Hutter's ("Plaintiff")

Request for Production of Documents dated July 8, 2012 (the "document demand") as

follows:

## GENERAL OBJECTIONS

1.      Watermark objects to the Document Demand to the extent that they exceed the

        scope of discovery permitted under Fed. R. Civ. P. 26, and 34 and the local rules

        of the Southern District of New York.

2.    Watermark objects to the Document Demand to the extent that they improperly and prematurely

call for disclosure of evidentiary matters and /or trial preparation.

3.    Watermark objects to the Document Demand to the extent that they call for confidential business

information, proprietary information or trade secrets.

4.      To the extent that the Document Demand calls for information that is protected by any applicable

privilege, including the attorney-client privilege and/or the work product doctrine, Watermark

objects to the disclosure of the information sought.

5.      Watermark objects to the Document Demand to the extent that it calls for

information that is protected by any applicable privilege including the attorney-

client privilege.

6.      Watermark objects to the Document Demand to the extent that it calls for

information not in Watermark's possession, custody or control.

7.      Watermark objects to the Document Demand to the extent that it seeks

information available in the public domain.

8.      Watermark objects to the Document Demand to the extent that it seeks the

production of confidential or propriety information or of trade secrets.

9.      Watermark objects to the Document Demand to the extent that it calls for the

disclosures prohibited by financial privacy laws or regulations, orders of court

and/or agreements requiring confidential treatment.

10.     Watermark objects to the instruction concerning the alleged continuing nature of

the Demand as it is beyond the scope of the applicable rules.


RESPONSES TO DOCUMENT REQUEST


Request 1. All documents contained in your loan origination files for each

mortgage loan that Watermark brokered for Nance M. Hutter, including her $1.785

million loan from Countrywide Bank, N. A. but not excluding any other loans to Hutter that Watermark brokered.

**Response**:   In addition to the General Objections, this request is overly broad due to it's' call for the production of all documents within an "origination" file without regard for issues of confidentiality and trade secret.  Subject to the foregoing, this defendant states that no such "origination file" exists that was either prepared by, or in the custody of Watermark.

Request 2.  All loan applications, documents used to assess the plaintiff's creditworthiness, property appraisals, instructions, notes, forms and other documents, other than those contained in the loan origination files referred to in request number 1 - pertaining  to any mortgage loan that a lender made to the plaintiff, including any and all loans that Countrywide Bank made to Hutter.

**Response:**  In addition to the General Objections, this request is overly broad and unduly burdensome as it calls for the production of a general variety of documents such as "notes" and "forms" that are not subject to discovery absent specificity.  Subject to the foregoing, Watermark does not possess or control any such documents.

Request 3.  All disclosure statements or other notices of borrower's rights that Watermark Capital provided to the plaintiff in connection with any mortgage loan that a lender extended to her, or that Watermark arranged for her.

**Response:**  In addition to the General Objections, this request is overly broad due to it's' call for the production of documents not customarily utilized by mortgage brokers.  Subject to the foregoing, Watermark does not possess or control any such documents.

Request 4.  All accountings, ledger cards, ledger sheets, or other documents reflecting payments, charges, or costs incurred in any of the plaintiff's mortgage loans.

**Response:**  In addition to the General Objections, this request is vague in nature and seeks the production of documents that are not the subject of this litigation.  Subject to the foregoing, Watermark does not possess or control any such documents.

Request 5.  All correspondence concerning a mortgage loan that Countrywide Bank or any other mortgage lender made to the plaintiff and that Watermark Capital brokered or tried to broker.

**Response:**  Subject to the General Objections stated heretofore, Watermark does not possess or control any such documents.

Request 6.  All telephone log sheets, internal memorandum, and notes concerning a mortgage loan that Countrywide Bank or any other mortgage lender made to plaintiff.

**Response:**  Subject to the General Objections stated heretofore, Watermark does not possess or control any such documents

Request 7. All documents containing statements or recollections of a witness who knew anything about a mortgage loan that Countrywide Bank or any other mortgage lender made to the plaintiff.

**Response:**  In addition to the General Objections, this request is vague, confusing and unduly burdensome as it's' call for documents containing recollections and statements of unknown witnesses and or individuals.  Subject to the foregoing, Watermark does not possess or control any such documents.

Request 8. All other notes, computer files, transcriptions, voice recordings and video recordings of communications between you and anyone else concerning a mortgage loan that Countrywide bank or any other mortgage lender made to the plaintiff.

**Response:** In addition to the General Objections, the request seeks the production of "computer files" "transcriptions," "voice and video recordings," procedures and methods not normally associated with the mortgage process and is not reasonably calculated to the discovery of admissible evidence. Subject to the foregoing, Watermark does not possess or control any such documents, transcriptions or computer files.

Request 9. The personnel files of all Watermark Capital employees or agents who participated in brokering a mortgage loan to the plaintiff.

**Response:** In addition to the General Objections, Watermark objects to this demand as calls for the production of personal and privileged information and, in addition is not reasonably calculated to the discovery of admissible evidence. Subject to the foregoing, no individual employed by Watermark at the time this loan was brokered was involved with the loan process at issue.

Request10. Records of any meetings that occurred between Watermark Capital's employees and the plaintiff, including calendars, schedules and time sheets and also including notes on, and recordings of, the meetings.

**Response:** In addition to the General Objections, this request is overly broad and is not reasonably calculated to the discovery of admissible evidence. Subject to the foregoing, Watermark does not possess or control such records.

Request 11.  Copies of any computer file, including e-mail, whose contents pertain to a mortgage loan that Countrywide Bank or any other mortgage lender made to the plaintiff.

**Response:**  In addition to the General Objections, this request is overly broad unduly burdensome and not reasonably calculated to the discovery of admissible evidence.  Subject to the foregoing, Watermark does not possess or control such computer files, e-mails etc.

Request 12.  All documents relating to internal procedures that Watermark Capital used during 2004-2006:

      a. to insure that its customers had sufficient income to make their mortgage payments and meet their other loan obligations.

**Response:**  In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence.  Subject to the foregoing, at the time this loan was brokered, Watermark did not have any such documents relating to internal procedures.

Request 13.  Copies of both sides of every check that Watermark Capital or its attorney has ever issued or received in connection with a mortgage loan that Countrywide Bank made to the plaintiff, including but not limited to:

      a.  Checks payable to Watermark from either Countrywide Bank or Evolution Mortgage Inc.

      b.  Checks payable to an officer, director or agent of Watermark Capital from either Countrywide Bank or Evolution Mortgage Inc.

**Response:** Subject to the General Objections stated heretofore, Watermark did not receive from, nor make any payment to, any entity associated with the mortgage loan at issue.

Request 14. All documents pertaining to commissions or bonuses that Countrywide Bank or Evolution Mortgage paid, or that Watermark Capital received, in connection with a mortgage loan that Countrywide Bank made to plaintiff.

**Response:**   In addition to the General Objections, Watermark objects to this request as it seeks information possessed by either Evolution of Countrywide.  Subject to the foregoing, see response to Request 13 supra.

Request 15. All documents that disclose Countrywide Bank's or Watermark Capital's creditworthiness standards, for mortgage borrowers that were in effect during 2005-2006 including but not limited to a borrowers maximum acceptable debt to income ratio.

**Response:**  In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence.  Subject to the foregoing, Watermark is unable to identify any such documents.

Request 16.  Copies of all pages of any notary's journal that pertains to the plaintiff's signatures on loan documents that the plaintiff signed in connection with a mortgage loan that Countrywide Bank made to her.

**Response:**  In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence and should be directed to the specific notary public in question.

Request 17. All documents not produced in response to a previous discovery request that relate to a mortgage loan that Countrywide Bank made to the plaintiff.

**Response:** In addition to the General Objections, this request is unduly vague as it seeks the production of unspecified "all other documents."

Request 18. Any insurance policy under which an insurer may be liable to satisfy all or part of a judgment in this action, or under which an insurer may be liable to reimburse you for payments that were made to satisfy the judgment.

**Response:** Subject to the General Objections, no such insurance policy existed at the time this mortgage was brokered.

Request 19. Any training manuals that Countrywide Bank or Watermark Capital used during 2005-2006 to instruct their employees who had the job of interviewing potential mortgage borrowers or who were otherwise involved in the mortgage-loan-origination process.

**Response:** In addition to the General Objections, this request is overly broad unduly burdensome, calls for the production of "manuals" utilized by co-defendant Countrywide and is not reasonably calculated to the discovery of admissible evidence. Subject to the foregoing, Watermark did not utilize a "training manual."

Request 20. Any documents pertaining to Countrywide Bank or Watermark Capital's policies and procedures that were in effect during 2005-2006, whose purpose was to ensure that Countrywide Bank or Watermark Capital's contractual documents were consistent with the oral representations that their employees, agents, and affiliated mortgage brokers made to their borrowers.

**Response:** In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence. Subject to the foregoing, Watermark does not possess or control any responsive documents.

Request 21. All policies and procedures that were in effect during 2005-2006 that Countrywide Bank or Watermark Capital used to ensure a borrower who refinanced was not acting out of mistake or misunderstanding, but rather that she understood the financial consequences of her refinancing.

**Response:** In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence. Subject to the foregoing, Watermark is unable to identify any responsive documents.

Request 22. All documents pertaining to the evidence – such as pay stubs, returns and bank statements – that Countrywide Bank or Watermark Capital required a prospective borrower to provide during 2005-2006 in order for her to demonstrate her creditworthiness.

**Response:** In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence. Subject to the foregoing, Watermark is unable to identify any responsive documents.

Request 23. Any assignment in your possession that transferred ownership of a mortgage loan that Countrywide Bank or any other mortgage lender made to plaintiff, to some other entity.

**Response:**  In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence.  Subject to the foregoing, Watermark had neither involvement nor financial interest in the mortgage loan at issue.

Request 24. All tax returns, pay stubs, bank statements and other documents that Hutter provided when she applied for the $1.785 million dollar loan that Countrywide Bank made to her in 2006.

**Response:**  In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence.  Subject to the foregoing, Watermark had no involvement with, nor financial interest in, the mortgage loan at issue Watermark and as such is unable to identify any responsive documents.

Request 25. All communications that Watermark Capital received from or sent to the mortgage broker Evolution Mortgage Inc., from 2003 to present.

**Response:**  In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence.

Request 26. All communications that Watermark Capital received from or sent to the mortgage broker Countrywide Bank from 2003 to present.

**Response:**  In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence.

Request 27. All contracts, agreements or understandings that Watermark Capital had with either Countrywide Bank or Evolution Mortgage Inc., between 2003 and the present.

**Response:** In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence. Subject to the foregoing, attached hereto is the responsive document.

Request 28. Copies of all checks, memorandum, letters or other written materials showing any payment Watermark capital received from or made to Evolution Mortgage or Countrywide Bank in connection with Hutters $1.785 million dollar Countrywide loan.

**Response:** Subject to the General Objections, see response to Request 13 (a) and (b) supra.

Request 29. All communications that Watermark Capital has ever had with Hutter.

**Response:** In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence. Subject to the foregoing, Watermark has never communicated with Hutter.

Request 30. All documents that concern Countrywide's $1.785 million dollar loan to Hutter on which documents either Nicholas Joutz's or Clint Elliot's name appears.

**Response:** In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence. Subject to the foregoing, if such documents exist, Watermark has no control nor possession of said document(s).

Request 31. All written evidence that Watermark Capital was licensed in 2006 as a mortgage broker in any state.

**Response:**  Subject to the General Objections, attached hereto is the responsive document.

Request 32. All written communications of any kind that Watermark Capital received from Countrywide Bank concerning Countrywide's Pay Option ARM loan.

**Response:**  In addition to the General Objections, this request is overly broad unduly burdensome, and not reasonably calculated to the discovery of admissible evidence.  Subject to the foregoing, Watermark does not possess or control any such document.

Dated: Mineola, New York
        January 23, 2013

Law Offices of John T. Serio

JOHN T. SERIO
*Attorney for Watermark Capital Inc.*
114 Old Country Road, Suite 420
Mineola, New York 11501
Office: (516) 248-5317 ext.14
Fax: (516) 294-5348

TO:    Mr. Stephen A. Katz, P.C.
       111 John Street, Suite 800
       Attorney for Plaintiff
       New York, NY 10038-3180

       Kenneth C. Rudd
       Zeichner Ellman & Krause LLP
       Attorney for defendant Country Wide
       575 Lexington Avenue

       Michael Janus, Esq.
       Janus Law, P.C.
       Attorney for Defendant
       Evolution Mortgage Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    Case # 09-CV-10092
--------------------------------------------------------------------------------X
NANCE M. HUTTER,

                                              Plaintiff,

            -against-

COUNTRYWIDE BANK, N.A., a subsidiary of
COUNTRYWIDE FINANCIAL, WATERMARK
CAPITAL, INC., and EVOLUTION MORTGAGE INC.

                                              Defendants.
--------------------------------------------------------------------------------X
********************************************************************************

## RESPONSE TO PLAINTIFFS DOCUMENT DEMAND

********************************************************************************

THE LAW OFFICE OF JOHN T. SERIO
Attorneys for the Defendant(s)
WATERMARK CAPITAL INC
114 Old Country Road
Suite 420
Mineola, New York 11501
(516)248-5317
• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

TO:
ATTORNEY(S) FOR:

Service of a copy of the within
Dated,                                                      is hereby admitted.

SIR: PLEASE TAKE NOTICE

NOTICE OF ENTRY
            that the within is a (certified) true copy of a      duly entered in the office of the clerk of the
            within named court on            200 .

NOTICE OF SETTLEMENT
            that an order           of which the within is a true copy will be presented for settlement to
            the HON.           one of the judges of the within named Court, at            on the
            day of            200  at      A.M.

Dated:

                                              Yours, etc.
                                              The Law Office of John T. Serio
                                              Attorney(s) for Defendants
                                              114 Old Country Road, Suite 420
                                              Mineola, NY 11501
                                              (516) 248-5317

# Exhibit B

**DETACH BE**

9595   ☐ VOID   ☐ CORRECTED

| PAYER'S name, street address, city, state, ZIP code, and telephone no.<br><br>EVOLUTION MORTGAGE INC.<br>175 MAIN STREET<br>SUITE 310<br>WHITE PLAINS, NY 10601<br>914-328-3054 | **1** Rents<br>$ | OMB No. 1545-0115<br><br>**2006**<br>Form **1099-MISC** | **Miscellaneous Income** |
|---|---|---|---|
| | **2** Royalties<br>$ | | |
| | **3** Other income<br>$ | **4** Federal income tax withheld<br>$ | **Copy A**<br>**For**<br>**Internal Revenue** |
| PAYER'S federal identification number    RECIPIENT'S identification number<br>20-1310517           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 | **5** Fishing boat proceeds<br>$ | **6** Medical and health care payments<br>$ | **Service Center**<br><br>File with Form 1096. |
| RECIPIENT'S name<br><br>CHARLES DRAGNA | **7** Nonemployee compensation<br>$   13398.75 | **8** Substitute payments in lieu of dividends or interest<br>$ | **For Privacy Act and Paperwork Reduction Act Notice, see the** |
| Street address (including apt. no.)<br>4 FERRENSBY WAY | **9** Payer made direct sales of $5,000 or more of consumer products to a buyer (recipient) for resale ▶ ☐ | **10** Crop insurance proceeds<br>$ | **2006 General Instructions for** |
| City, state, and ZIP code<br>LADERA RANCH CA 92694 | **11** | **12** | **Forms 1099, 1098, 5498,** |
| Account number (see instructions)                    2nd TIN not. ☐ | **13** Excess golden parachute payments<br>$ | **14** Gross proceeds paid to an attorney<br>$ | **and W-2G.** |
| **15a** Section 409A deferrals<br>$ | **15b** Section 409A income<br>$ | **16** State tax withheld<br>$<br>$ | **17** State/Payer's state no. | **18** State income<br>$<br>$ |

Form **1099-MISC**

Department of the Treasury - Internal Revenue Service

39-1908647

NTF 25B2939

BMISFED

# Exhibit C

Page 1 of 1



#1

Posting Date: 20070108

Sequence Number: 9170209708

Amount: $13,398.75

Account: 305069849765

Routing Transit Number: 02100002

Check/Serial Number: 000000010881

Bank Number: 802

IRD Indicator: 0

BOFD: 021000021

Capture Source: PO

Entry Number: 3514

UDK: 802070108009170209708

Cost Center:

Teller Number:

Teller Sequence Number:

Missing Image: 5

PE Indicator: N

Application Code: 1

Trancode: 000000

DB/CR: DB

Item Type: P

Processing Date:

Copyright © 2010 J.P. Morgan Chase & Co. All Rights Reserved