UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCE M. HUTTER,

                Plaintiff,

-against-

COUNTRYWIDE BANK, N.A., a subsidiary of
COUNTRYWIDE FINANCIAL CORPORATION,
WATERMARK CAPITAL, INC. EVOLUTION
MORTGAGE INC.,

                Defendant.

---

CASE NO. 09 Civ. 10092 (NSR)

Joseph Sciacca's Affidavit in Opposition to Nance M. Hutter's Motion to File a Fourth Amended Complaint

STATE OF NEW YORK   ss.:
COUNTY OF SUFFOLK

JOSEPH SCIACCA, being duly sworn, deposes and says:

1. I make this affidavit in opposition to the within motion by the Plaintiff's seeking permission to File a Fourth Amended Complaint.

2. The entire motion should be denied, especially at this late juncture in the course of the litigation. However, this affidavit will just address the proposed allegations that Plaintiff is seeking against my corporation Evolution Mortgage, Inc. (hereinafter "EVOLUTION ") as well as against myself as an individual.

3. Justice Seibel had dismissed the case against me as an individual to the extent that plaintiff was granted leave to plead additional facts demonstrating that I was personally involved in the allegedly actionable conduct under New York General Business Law §349 and RESPA and that Plaintiff should do so in compliance with Rule 11 of the Federal Rules of Civil Procedure. I have reviewed the affirmation in support of the proposed amendment and there are no facts that satisfy that requirement. The allegation appears to based on my company's not filing the undertaking of accountability within the 10 day period. There was no requirement to obtain

"permission" from the banking department for an independent contractor as implied by counsel for Mrs. Hutter whom once again is clearly misguided. It was a form that was to required to be filed by the licensed broker that acknowledged they were accountable for the independent contractor. As I had testified, back then, the customary practice among brokers was to file the statement after the loan closed. Interesting is that while counsel for the Plaintiff makes this a big deal, he hasn't once showed what penalty or repercussions that a late filing would have if any and more importantly, how in any way that it affects Mrs. Hutter or rises to any cognizable cause of action on her behalf.

4. It should be noted that despite, Mrs. Hutter's allegations, I never hired or paid Watermark Capital and the only one that worked on the loan that was compensated for the work was Charles Dragna who received a check from Evolution Mortgage and a 1099 for the same to his social security number. Counsel for the Plaintiff also alleges that my company illegally paid Charles Dragna, which is far from true. He has no knowledge of the laws he talks about when he alleges that Evolution Mortgage improperly paid Charles Dragna for doing work on the loan. First and foremost, Evolution Mortgage at the time and presently was a registered and licensed NY state mortgage broker. Charles Dragna was operating as an independent contractor as a Mortgage Loan Originator (MLO) and there was nothing improper about that during that time period. As stated above, Charles Dragna was paid directly for the work performed and issued a 1099. What Mr. Dragna did with the check has nothing to do with me, despite Mr. Katz falsely alleging that I had improperly hired Watermark and Mr. Dragna individually.

5. It wasn't until several years after the subject loan, on July 11, 2009 that the law changed requiring any MLO (loan officer) that receive compensation to be licensed in NY. Article 12-E of the New York Banking Law, which went into effect on July 11, 2009, requires all

individuals (with limited exceptions) who engage in the business of mortgage loan originating with respect to New York residential real estate, to obtain a license from the Superintendent of Financial Services. Article 12-E was intended to make New York Law consistent with Title V of the Housing and Economic Recovery Act of 2008, also known as the SAFE Mortgage Licensing Act of 2008. Also, what Mr. Katz doesn't seem to grasp or chooses to ignore is that Evolution did not split any fees with Watermark and only paid Charles Dragna. Clearly there is no level of malfeansce.

6. The affidavit from Gerhard Hutter is blatantly false. Countrywide did not arrange to bring EVOLUTION into this loan. As I have previously testified to, Charles Dragna whom I had worked with previously had contacted me about the subject loan. I did meet Charles Dragna at a conference in Florida, contrary to the preposterous allegation by counsel for Plaintiff that it was fabricated and that we were really introduced by Countrywide for purposes of this loan. As Mr. Katz is well aware, from my sworn testimony regarding that, besides being a licensed mortgage broker for a number of years, I am also a Certified Public Accountant, and his insinuation and attack on my integrity and truthfulness is extremely offensive.

7. I also think Mr. Katz clearly doesn't have a grasp on what he alleges. His affirmation is replete with commentary and allegations that the involvement and compensation of Charles Dragna was against the law, since he wasn't licensed as a mortgage broker in New York at that time. As detailed above, and explained to Mr. Katz by my attorney numerous times during the deposition and over the course of these proceedings, there was no requirement for a loan officer, such as Mr. Dragna was, to be licensed at that period of time. It is extremely disingenuous for him to continue to make those false arguments. Additionally, Mr. Dragna was not "hired" by me in the context in which Mr. Katz would like the court to believe. As my testimony revealed, he

had contacted me to see if we can handle a loan for him, which he brought to EVOLUTION as a loan officer and was compensated for. I never had any arrangement with Watermark Capital, whether it be written or oral.

8. Mr. Katz is trying to assert that EVOLUTION was Countrywide's agent since we brokered the loan. As he is well aware from the deposition testimony and documentary evidence, that is false. Article 9.2 of the Wholesale Broker Agreement clearly states that Countrywide and the Broker are operating as independent parties and that they are not agents or employees of each other.

9. As I am sure that the court is aware, a major purpose of forming a corporation is for a business owner to protect the individual from personal liability and provide him valuable protections and benefits. A corporation, when properly formed and operated, such as mine, assumes a separate legal and tax life distinct from its shareholders. There has been absolutely no malfeansce on my behalf, and nothing shown by the Plaintiff as to why the corporate veil should be pierced. My corporation is presently a defendant in this action and all of the alleged actions and transactions involved with this lawsuit were performed by my corporation. I was properly dismissed as an individual and should not be added back in.

WHEREFORE, it is respectfully requested that the motion be denied in its entirety, and for such other and further relief as to this Court may seem just and proper.

X _____
JOSEPH SCIACCA

Sworn to before me this
23 day of December, 2013

_____
NOTARY PUBLIC

BRENDAN P RYAN
Notary Public, State of New York
No. 01RY6252547
Qualified in Suffolk County
Commission Expires 12/05/2015