David B. Chenkin
Kenneth C. Rudd
BJ Finneran
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
(212) 753-0396 (fax)

Attorneys for Defendant Bank of America, N.A.,
as successor by merger to Countrywide Bank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCE M. HUTTER,<br><br>                                    Plaintiff,<br><br>        - against -<br><br>COUNTRYWIDE BANK, N.A., a subsidiary of COUNTRYWIDE FINANCIAL CORPORATION, WATERMARK CAPITAL, INC. and EVOLUTION MORTGAGE, INC.,<br><br>                                    Defendants. | Case No. 09 CV 10092 (NSR)(LMS)<br><br>**SUPPLEMENTAL DECLARATION OF BJ FINNERAN** |

BJ Finneran, pursuant 28 U.S.C. §1746, states:

1.      I am an attorney and of counsel to Zeichner Ellman & Krause LLP, counsel to defendant Bank of America, N.A., successor by merger to Countrywide Bank, N.A. ("BANA"). I submit this supplemental declaration in further opposition to Plaintiff Nance M. Hutter's ("Plaintiff") motion (the "Motion") for Leave to File a Fourth Amended Complaint ("FAC") and in support of BANA's cross-motion pursuant

to 28 U.S.C. §1927 (the "1927 Cross-Motion") in accordance with the so-ordered Stipulation dated April 3, 2014 (DE 137).

   2. In response to Plaintiff's counsel's request at the November 7, 2013 conference to make the Motion, the Court ordered Plaintiff's counsel to attach to the Motion a proposed FAC marked to show changes from Plaintiff's Third Amended Complaint ("TAC").

   3. On or about November 25, 2013, Plaintiff served the Motion (DE 108). Attached to the Motion as Exhibit H is a proposed FAC (the "First Proposed FAC") with strike-outs and bolded text apparently purporting to reflect the differences between the First Proposed FAC and the TAC by showing what was deleted and what was added. Counsel apparently did not use a simple program available for word processors to automate the comparison and ensure its accuracy.

   4. BANA opposed the Motion believing that Plaintiff accurately black-lined the First Proposed FAC to show all changes. (DE 109). At the time of its opposition, we did not realize that counsel failed to accurately mark the First Proposed FAC. BANA also cross-moved under 28 U.S.C. § 1927 seeking relief based on Plaintiff and/or her counsel vexatiously multiplying proceedings. (DE 115).

   5. In further support of the Motion, Plaintiff filed a Reply Memorandum of Law. (DE 112).

6. In opposition to BANA's 1927 Cross-Motion, Plaintiff filed a Memorandum of Law in Opposition. (DE 126).

7. In further support of the 1927 Cross-Motion, BANA filed the Reply Memorandum of Law. (DE 119).

8. Thereafter, BANA discovered that the First Proposed FAC did not accurately reflect all the changes from the TAC[1]. Among the changes that Plaintiff's counsel failed to mark in the First Proposed FAC are:

> (a) The addition to paragraph 23 of the First Proposed FAC of an entire sentence characterizing the loan as follows, even though the Court already struck as immaterial from the First Amended Complaint allegations relating to an Attorney General's complaint (see p. 17 of the March 10, 2011 Seibel decision[2]): "This complex hybrid loan product was the most deceptive loan offered by Countrywide, before the lender was forced to discontinue the loan in 2008 in a Multistate Settlement Agreement with the attorneys general of forty-four states." (Compare ¶ 23 of the TAC to the First Proposed FAC).
>
> (b) The deletion of "Wholesale Broker" used in the TAC to describe the agreement between Countrywide and the co-defendants, Watermark Capital, Inc. and Evolution Mortgage,

---

[1] BANA brought to counsel's attention his failure to mark certain changes when it served a motion for sanctions against Plaintiff and her counsel under Fed. R. Civ. P. 11 (the "Rule 11 Motion") based upon false allegations and legal theories not warranted by existing law pervading all of the complaints and various other papers submitted by Plaintiff's counsel. After the expiration of the safe harbor period, we submitted courtesy copies of the motion papers to the Court (in connection with Judge Roman's Individual Rule 3. A. ii.). We also requested a briefing schedule and conveyed Plaintiff's requested schedule. Pursuant to the April 9, 2014 Memo Endorsed Order, the Court stated that it denied BANA's request to file the Rule 11 Motion, without prejudice to resubmission. In response to our letter dated April 14, 2014, submitted in accordance with Rule 60 of the Federal Rules of Civil Procedure, the Court ordered a conference on April 23, 2014, at which time it set a briefing schedule. (See April 23, 2014 Minute Entry).

[2] Attached as Exhibit B to the Declaration of Kenneth C. Rudd in support of the 1927 Cross-Motion and in opposition to the Motion. (DE 116-2).

Inc. from the TAC and replacing that term in the First Proposed FAC with the single word: "written." (Compare ¶ 12 of the TAC to the First Proposed FAC).

(c)   Deleting the term "monthly adjustable rate Pay Option" used in the TAC to describe Plaintiff's loan (Compare ¶ 57 (a) of the TAC to the First Proposed FAC).

9.   Because Plaintiff failed to accurately mark the First Proposed FAC in violation of the Court's order, BANA did not present arguments to the Court about the above changes in the Motion and Cross-Motion.  BANA did not realize Plaintiff failed to properly document all edits to the First Proposed FAC until after the motions were fully briefed and submitted.

10.   After BANA advised Plaintiff that the markings on the First Proposed FAC were inaccurate and incomplete and after Plaintiff brought that to the Court's attention, the parties and the Court, by its law clerk, held a telephonic conference on April 1, 2014 where it was agreed that Plaintiff could supplement the Motion by submitting another copy of the same proposed FAC that was accurately and completely marked to show all changes from the TAC.  The parties memorialized their understanding in a Stipulation so ordered by the Court. (DE 137).

11.   Thereafter, Plaintiff filed a so-called "Accurately Marked Proposed Fourth Amended Complaint" (the "Second Proposed FAC"). (DE 142).  We have reviewed the Second Proposed FAC, and it *still* fails to reflect all the changes from the TAC.  Among the changes that Plaintiff's counsel failed to mark was the deletion from the TAC of Paragraph 17: "Also, on information and belief, Evolution Mortgage

shared its $1,500 processing fee and its $13,387.50 yield-spread premium with the California mortgage broker Watermark Capital, though it is illegal under New York law for an unlicensed mortgage broker to receive a fee for arranging a mortgage loan."

12.     Moreover, BANA also discovered that rather than filing a copy of the same proposed FAC that had been the subject of the fully briefed Motion (but now accurately and completely marked to show all changes), Plaintiff filed the Second Proposed FAC which contains *additional* revisions from the First Proposed FAC. For example, Plaintiff removed part of paragraph 23 from the Second Proposed FAC which had been in paragraph 23 of the First Proposed FAC. (Compare ¶ 23 of the First Proposed FAC to the Second Proposed FAC).[3]

13.     Plaintiff's failure to follow the Court's simple and concise order has resulted in a confusing and numbing progression of proposed amended complaints, each one different from the last. This unnecessary proliferation of multiple versions of the proposed FAC, especially given the availability of low-cost document comparison software, underscores counsel's vexatious conduct and BANA's continuing frustration in obtaining the most basic element of civil litigation: a clear statement of the claims against it.

---

[3]  There are also several instances of Plaintiff failing to note the removal or addition of a single word that BANA does not highlight here. In addition, given counsel's failures, we asked a paralegal to compare the complaints. This was of course a manual process, and the possibility that she missed yet additional changes exists.

14. Plaintiff's vexatious conduct has greatly multiplied the proceedings herein to the prejudice of BANA and the Court as both have been forced to spend unnecessary time and resources to determine something as simple as identifying Plaintiff's proposed changes to her pleading. Indeed, Plaintiff's inability to comply with two Court orders and to file an accurately marked FAC can only be reasonably interpreted as intentional.

15. BANA does not address allegations in the First Proposed FAC that are not in the Second Proposed FAC as the latter is now the subject of the Motion for leave to amend. If Plaintiff changes her factual allegations yet again, BANA reserves all rights.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 24, 2014

_____
BJ FINNERAN

#759482v2/PXM/2978.172

## CERTIFICATE OF SERVICE

MICHAEL W. ANTONIVICH, hereby certifies pursuant to 28 U.S.C. 1746 and under penalty of perjury that on the 24th day of April, 2014, I served a true copy of the within **SUPPLEMENTAL DECLARATION OF BJ FINNERAN** upon the attorneys in the manner indicated below at the places indicated below:

### *By UPS OVERNIGHT MAIL*

STEPHEN A. KATZ, P.C.
Stephen A. Katz, Esq.
Attorneys for Plaintiff
111 John Street, Suite 800
New York, New York 10038-3180

And on all other attorneys by filing said document via ECF which results in the attorneys getting a copy by e-mail through the ECF System.

Dated: April 24, 2014

_____
Michael W. Antonivich