# ZEICHNER ELLMAN & KRAUSE LLP

**MEMO ENDORSED**

1211 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10036
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

DIRECT DIAL
(212) 826-5355
krudd@zeklaw.com

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

October 29, 2014

**BY FACSIMILE**

Honorable Nelson S. Román
United States District Judge
The Hon. Charles L. Brieant, Jr.
  Federal Building and United States Courthouse
300 Quarropas Street
White Plains, New York 10601

**Facsimile No.: (914) 390-4179**

*Pre-motion Conference scheduled for Nov. 12, 2014 at 12:30 pm.*
*Dated: Nov. 4, 2014*

**SO ORDERED:**

HON. NELSON S. ROMÁN
UNITED STATES DISTRICT JUDGE

**Hutter v. Countrywide Bank, N.A., et al.**
**Case No. 09 CV 10092 (NSR)**

Dear Judge Román:

  We are counsel to Bank of America, N.A., as successor to named defendant Countrywide Bank, N.A. ("BANA" or "Countrywide"), and we submit this letter pursuant your Rules for Individual Practice in Civil Cases 3(A)(ii) and the schedule set by the Memorandum Opinion and Order dated August 22, 2014 (the "Order") [DE 155] to respectfully request a conference before BANA makes a motion for summary judgment seeking to dismiss the entire action as against it.

  In connection with her almost $1.8 million residential mortgage loan, Plaintiff has three remaining claims against BANA for allegedly violating (1) the Truth in Lending Act ("TILA"), (2) New York's Deceptive Practices Act, and (3) the Real Estate Settlement Procedures Act ("RESPA"). There are no material issues of fact precluding summary judgment in favor of BANA, and we address each in turn.

## TILA

  BANA is entitled to summary judgment on Plaintiff's TILA claim for at least two fundamental reasons: Plaintiff in fact received two copies of her notice of the right to rescind and Plaintiff has never had the financial ability to effect rescission. Generally, a borrower has three business days in which to rescind a transaction such as the one here. 15 U.S.C. §1635(a). TILA requires a creditor to deliver two copies of a notice

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/5/2014

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Nelson S. Román
October 29, 2014
Page 2

of a right to rescind[1] to each consumer entitled to rescind. 12 C.F.R. §226.15(b). A written acknowledgment of such notice creates a rebuttal presumption of receipt. 15 U.S.C. §1635(c). In the absence of such notice, the right is extended to three years. 15 U.S.C. §1635(f).

Here, Plaintiff acknowledges that she signed two separate copies of the Notice of the Right to Cancel. (June 19, 2013 Depo, p. 121). Her claims to have only retained or received one copy ring hollow. In addition, Plaintiff admits that she has never had the financial ability to rescind, despite having prosecuted this action since 2009. Even if she went to trial and rebutted the presumption that she received two copies, she could not effect the relief demanded, thereby wasting the Court's time.

### NY DECEPTIVE PRACTICES ACT

New York General Business Law §349 permits an action for deceptive acts or practices in the conduct of any business or trade. This section is aimed at wrongs against the consuming public for acts that are misleading in a material way. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 24-25 (1995). The gravamen of plaintiff's GBL claim against Countrywide is that Countrywide told her she could afford the payments on a Pay Option ARM, that the loan would help her, that an ARM was right for her, and that housing process would keep rising.[2] There is no material question of fact that may allow this claim to survive summary judgment. Indeed, this Court has already sanctioned counsel under Rule 11 for making these very allegations. (Order p. 35).

Further, as made clear in the Order, it is admitted by Plaintiff and is law of the case that Countrywide never communicated at all to Plaintiff, through an agent or otherwise, with one possible, but not material, exception. (*See e.g.* pp. 34-35). Plaintiff alleges that Countrywide told her that the interest rate would be 1.5%. (Order p. 34-35). The Court declined to sanction counsel for this allegation because it noted that a Countrywide witness testified in hypothetical and general terms that Countrywide would have prepared a Good Faith Estimate ("GFE") based on information provided by a broker and sent it to a borrower, though she did not testify that Countrywide ever sent a GFE to Plaintiff. (p. 34). While such a hypothetical GFE may have identified a 1.5% interest rate, it also stated the loan was a Pay Option ARM. (p. 37). In any event, Plaintiff never actually saw a GFE from Countrywide. (p. 34). Thus, the one significant contention underlying the GBL claim for which counsel was not sanctioned is not material because it contained nothing deceptive.

---

[1] Rescission, in sum, involves the creditor returning to the borrower sums paid to it, and the borrower returning to the creditor all funds loaned. *See* 12 C.F.R. §226.23(3).

[2] Plaintiff may also contend that giving her a loan application to sign, which application contained her admittedly fraudulent assertions of assets and income, was a deceptive practice. Judge Seibel already held that offering a loan without verifying Plaintiff's assets was not improper conduct. (*See* Order at p. 22).

ZEICHNER ELLMAN & KRAUSE LLP

Honorable Nelson S. Román
October 29, 2014
Page 3

### RESPA

It is the unambiguous law in this Circuit that so long as a fee is for settlement services actually rendered, it is a lawful fee. *Kruse v. Wells Fargo Home Mortg. Inc.*, 383 F.3d 49, 56 (2nd Cir. 2004). RESPA's safe harbor provision explicitly provides: "Nothing in this statue shall be construed as prohibiting...the payment to any person of a bona fide salary or compensation or other payment for goods of facilities actually furnished or for services actually performed." 12 U.S.C. § 2607(c).

Here, Plaintiff's RESPA claims for alleged kickbacks and fee-splitting are essentially overcharge claims and should therefore be dismissed as a matter of law. Discovery has yielded no material issue of fact that would support the contentions concerning the yield spread premium and *Kruse* prohibits any inquiry into whether the fee was reasonable. Indeed, discovery has shown that Evolution provided settlement services in connection with the mortgage loan. Further, "without specific facts as to the alleged kickback scheme, plaintiffs' § 8 RESPA claim effectively becomes a claim for overcharge" and therefore is not actionable pursuant to *Kruse*. *See Galiano v. Fid. Nat'l Title Ins. Co.*, 684 F.3d 309, 314 (2nd Cir. 2012) (citing *Kruse*); *Kruse*, 383 F.3d at 56 ("We conclude that section 8(b) clearly and unambiguously does not extend to overcharges.").

We respectfully ask this Court to set a briefing schedule for BANA's summary judgment motion. We advised this Court of BANA's intent to move for summary judgment almost a year ago. Plaintiff's sanctionable motion practice caused significant delay. Counsel's proposed motion to be relieved will do nothing but cause more delay and could have been made in early September, shortly after the Court's Order.[3] The timing of counsel's October 27, 2014 pre-motion letter undermines any claim that a difference with his client is newly discovered and is a tacit recognition that the remaining claims are meritless. Therefore, resolution of that motion should not significantly delay summary judgment. If counsel is relieved, we anticipate Plaintiff seeking delay to obtain new counsel and that should not draw out any opposition to BANA's motion.

Respectfully submitted

Kenneth C. Rudd

KCR:bs

cc:   All counsel by email

---

[3] By order to show cause dated February 24, 2014, claiming "irreconcilable differences," counsel previously sought to be relieved in *Hutter v. Citibank, N.A. et al.* (Sup. Ct. Westchester Cty. 57298-2011) Upon information and belief, he withdrew the motion.