MEMO ENDORSED



# Janus Law, P.C.

825 EAST GATE BOULEVARD – SUITE 308
GARDEN CITY, N.Y. 11530
Phone: (516) 683-1200
Fax:  (516) 320-8949
www.januslaw.com

**Michael Janus, Esq.** *

*\* Also Admitted in New Jersey*

Via Fax (914) 390-4179

October 29, 2014

The Honorable Nelson S. Roman
United States District Court
300 Quarropas St. Courtroom 218
White Plains, NY 100601

Pre-motion Conference scheduled
for Nov. 12, 2014 at 12:30 pm.
Dated: Nov. 4, 2014

**SO ORDERED:**

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Re: Our Client: Evolution Mortgage, Inc., Joseph Sciacca
Index #: 09 Civ. 10092 (CSJ (NSR)

Dear Honorable Justice Roman:

My office represents the defendant Evolution Mortgage, Inc. , (hereinafter "Evolution" )
in the above referenced matter. This letter is written in order to request a pre-motion conference
in contemplation of the filing of a Summary Judgment Motion pursuant to Rule 56 in favor of
this defendant and against the plaintiff, Nance M. Hutter.

### PROCEDURAL HISTORY

This is an action that was brought by plaintiff against all of the Defendants with an initial
Complaint filed in the Supreme Court Westchester County on October 22, 2009 wherein the
action was removed to Federal Court on or about December 10, 2009. Since then , Plaintiff has
filed three Amended Complaints and most recently, the plaintiff sought permission to file a
fourth amended complaint which was denied by this court by Memorandum Opinion and Order
dated August 22, 2014 (DE 158). As such, the Court is very familiar with the procedural history.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/2014

## RELEVANT FACTUAL HISTORY

On December 11, 2006 closed on a $1.785 million dollar adjustable rate mortgage loan with Countrywide , of which Evolution Mortgage was the mortgage broker and there were disclosures signed by the Plaintiff regarding same. The type of loan, i.e. adjustable versus fixed rate, etc., was decided upon by the plaintiff and was exactly what she requested. In her Third Amended Complaint, the plaintiff has leveled several allegations against Evolution.. The thrust of these allegations against Evolution in the Third Amended Complaint are for 1) alleged violations of the New York Deceptive Practices Act , Gen Bus Law, §§ 349-350-e- ("GBL" or GBL § 349), by engaging in unfair and deceptive conduct aimed at consumers that was misleading in a material way and 2) that Countrywide Bank, N.A. (hereinafter "Countrywide") and Evolution violated the Real Estate Settlement Procedures Act Section 12 U.S.C. §§ 2601-2617 ("RESPA") because Countrywide allegedly paid "illegal kickbacks" to Evolution, which they "illegally" shared with co-Defendant Watermark Capital, Inc. (hereinafter "Watermark").

## THE PLAINTIFF'S INABILITY TO SUBSTANTIATE HER CLAIM(S)

The Plaintiff has conceded that she never spoke with anyone from Evolution and therefore cannot make out a prima facie case how Evolution mislead or deceived her in anyway. In fact, from the very onset of this litigation, 2009, until the beginning of 2014, the plaintiff continually and repeatedly claimed that Evolution, as well as the other defendants, deceived her into applying for a loan she could not afford and that the rates and type of loan she ultimately received, was different than that which was promised by these defendants. This argument completely unraveled in the plaintiff's motion to file a Fourth Amended Complaint, wherein she sought to withdraw the "untrue" allegation that she was told that adjustable rate was right for her. and conceded that no one told her that. Since, by the plaintiff's own admission, these defendants never mislead or misinformed the plaintiff concerning any issue associated with this loan, any and all claims sounding in deceit and fraud must fail.

Plaintiff can also not make a prima facie showing that Evolution violated RESPA and has done nothing more other than make with bare conclusory allegations lacking in substance and fact. It is alleged that RESPA was violated because Evolution "illegally" received a yield spread premium from Countrywide and then "illegally" shared this with Watermark. Said payment was clearly identified on the Settlement statement (HUD 1A) and was a properly allowed earned fee. Also, despite Plaintiff's misguided belief, at that time there was nothing

"illegal" or improper of Charles Dragna being compensated as an independent contractor acting as a Mortgage Loan Originator (MLO). Additionally any payment by Evolution was made to Charles Dragna and not to Watermark. There has been no evidence proffered by Plaintiff as to how Evolution violated RESPA.

The Plaintiff will not be able to establish a prima facie showing of her causes of action against Evolution. Accordingly, the defendant Evolution respectfully asks this Court to schedule a pre-motion conference so that it may make a motion for Summary Judgment pursuant to FRCP 56.

Very truly yours,

JANUS LAW, P.C.

By: Michael Janus
MJ/cms

cc: John T. Serio
114 Old Country Road, Suite 420
Mineola, NY 11501
Fax: 516-294-5348

Stephen A. Katz, P.C.
Represents: Nance M. Hutter
111 John Street, Suite 800
New York, NY 10038
Fax: 212-349-6407

Zeichner Ellman & Krause LLP
Contact: Rudd, Kenneth, Esq.
1211 Avenue of the Americas
New York, NY 10036
Fax: (212) 753-0396