# LAW OFFICE OF JOHN T. SERIO
### ATTORNEY AT LAW

114 OLD COUNTRY ROAD
SUITE 410
MINEOLA, NY 11501

JOHN T. SERIO

**MEMO ENDORSED**

TEL (516) 248-5817 ext. 14
FAX (516) 294-5348
EMAIL jtserio@optonline.net

October 30, 2014

*Pre-motion Conference Scheduled for Nov 13, 2014 at 10:30 am*

*Dated: Nov 4, 2014*

**SO ORDERED**

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

**BY FACSIMILE**
Honorable Nelson S. Roman
United States District Judge
The Hon. Charles L. Brieant, Jr.
Federal Building and United States Courthouse
300 Quarropas Street
Courtroom 218
White Plains, NY 10601-4150

**Hutter v. Countrywide Bank, N.A., et al.**
**Case #: 09 CV 10092 (CSH)(LMS)**

Dear Honorable Sir:

My office represents the defendants Watermark Capital, Inc. and Nicholas Jouzy in the above referenced matter. This letter is written in order to request a pre-motion conference in contemplation of the filing of a Summary Judgment Motion pursuant to Rule 56 in favor of these defendants and against the plaintiff, Nance M. Hutter.

## PROCEDURAL HISTORY

This is an action brought by plaintiff pursuant primarily to New York Banking Law sec 589, 599, as against these defendants as well as several other alleged improprieties sounding in fraud. Plaintiff filed the initial complaint on December 10, 2009. Since that time, the plaintiff has filed not one, but three subsequent amended complaints dated March 19, 2010 (DE 7), June 4, 2010 (DE 23) and November 15, 2011 (DE 49) respectively. In response, these defendants filed its answer to defendant's third amended complaint (TAC) on December 30, 2011 (DE 55). **(Note: this office was not the attorney of record during the filings of the initial, first and second amended complaint. An ECF history review does not indicate the filings of these defendant's prior Answers).** Most recently, the plaintiff sought permission to file a fourth amended complaint which was denied by this court by Memorandum Opinion and Order dated August 22, 2014 (DE 158).

## RELEVANT FACTUAL HISTORY

On December 11, 2006, the plaintiff, Nance Hutter closed on a $1.785 million dollar adjustable rate mortgage loan. There is documentary evidence establishing unequivocally that the mortgage broker for this loan was co-defendant Evolution Mortgage, a fact conceded by Evolution Mortgage. The loan itself was underwritten and issued by co-defendant Countrywide. The loan was secured by the Hutter home, located at 175 Hickorry Kingdom Drive, Bedford NY. At the time of the closing on this loan, the appraised value of the Hutter home was in excess of two million dollars. The type of loan, i.e. adjustable versus fixed rate, etc., was decided upon by the plaintiff and was exactly what she requested.

In late 2008 and early 2009, the real estate market collapsed resulting in a sudden and dramatic decrease in property values throughout the country and specifically to the Hutter home. As a result, the Hutter home was now worth less than the amount she owes on it. Accordingly, Ms. Hutter commenced this action as well as two other related actions in State Court.

In her TAC, the plaintiff has leveled several allegations against these defendants. The thrust of the allegations against Watermark/Joutz is two-fold: First, the plaintiff has alleged that Watermark was the mortgage broker for this loan and as such violated New York Banking Law sec(s) 589-599, as it, Watermark, was admittedly not a licensed mortgage broker in the state of New York at the time of this loan. Second, that throughout the course of obtaining this, as well as the state case loans, the plaintiff has alleged that Watermark, through its employees, deceived and fraudulently induced her to apply for a loan she could not afford and for which the terms of the loan were different than allegedly promised. There is not a thread of evidence to support either of these allegations. First, as it pertains to the allegation that Watermark acted as an unlicensed broker, co-defendant Evolution has continually acknowledged that it was they who brokered this loan. This is supported by all the closing documents as they contain the name Evolution wherever the document called for the broker to be identified. In addition, even if it can be argued that Watermark engaged in conduct that may give rise to the status as "broker", at the time this loan was procured, the laws upon which the plaintiff supports her claim had not yet been enacted.

As for the allegations sounding in fraud, there not a shred of evidence to support these claims. In fact, the plaintiff has now admitted in documents filed in association with plaintiff's motion to file a Fourth Amended Complaint, that she had no conversations with anyone associated with any of the defendants to this action, including these moving defendant's. As such, her claims of deceit have been acknowledged by the plaintiff to be untrue and unfounded.

## THE PLAINTIFF'S INABILITY TO SUBSTANTIATE HER CLAIM(S)

There is not, nor can there be, any dispute that Evolution, and not Watermark, was the mortgage broker for this loan. Watermarks name does not appear on any of the closing documents associated with this loan, yet to the contrary, where identification was required, the name Evolution was found throughout. In addition, no stronger support can be found for this proposition then the very words of the plaintiff's husband himself. In his affidavit in support submitted to this Court in plaintiff's motion seeking to file a Fourth Amended Complaint, Mr. Hutter stated: "Matthews told me that because Watermark was not licensed as a mortgage broker in New York State, Countrywide had arranged for New York Licensed broker Evolution Mortgage to be the broker of record for Mrs. Hutters Countrywide loan." Id at para. 3. Whether Watermark or any of its alleged employees was involved in this loan (which is disputed) is completely irrelevant. Evolution, not Watermark, was the broker of record.

From the very onset of this litigation in 2009, until the summer of 2013, the plaintiff continually and repeatedly claimed that these, as well as the other defendants, deceived her into applying for a loan she could not afford and that the rates and type of loan she ultimately received, was different than that which was promised by these defendants. This argument completely unraveled in the plaintiff's motion to file a Fourth Amended Complaint. As previously recognized by this Court, the plaintiff now concedes that she was never mislead by any of the defendants involved in this litigation:

> "Hutter wants to remove **an untrue statement from the complaint**. It is that the defendant's told her that an adjustable rate mortgage (ARM) would be suitable for her. In fact, **the defendant's never said that to Hutter. Since no one from Watermark Capitol or Evolution ever mentioned that Hutter would receive a ARM…So since the defendant's did not try to convince Hutter that an ARM would suit her, the paragraph alleging that wrongdoing should be eliminated."** Plaintiff's brief 7-8. (emphasis added)

Since, by the plaintiff's own admission, these defendants never mislead or misinformed the plaintiff concerning any issue associated with this loan, any and all claims sounding in fraud must fail.

Accordingly, the defendant Watermark Capital Inc. respectfully asks this Court to schedule a pre-motion conference so that it may make a motion for Summary Judgment pursuant to FRCP 56.

Respectfully submitted,

John T. Serio

JTS:is
cc: All counsel by Email