David B. Chenkin
Kenneth C. Rudd
BJ Finneran
ZEICHNER ELLMAN & KRAUSE LLP
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
(212) 753-0396 (fax)

Attorneys for Defendant Bank of America, N.A.,
as successor by merger to Countrywide Bank, N.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCE M. HUTTER,<br><br>                                  Plaintiff,<br><br>              - against -<br><br>COUNTRYWIDE BANK, N.A., a subsidiary of<br>COUNTRYWIDE FINANCIAL<br>CORPORATION, WATERMARK CAPITAL,<br>INC. and EVOLUTION MORTGAGE, INC.,<br><br>                            Defendants | Case No.:   09 CV 10092 (NSR)(LMS) |

**BANK OF AMERICA, N.A.'S MEMORANDUM OF LAW
IN RESPONSE TO MOTION OF STEPHEN A. KATZ
TO WITHDRAW AS PLAINTIFF'S COUNSEL**

**ZEICHNER ELLMAN & KRAUSE LLP**
1211 Avenue of the Americas
New York, New York 10036
Telephone: (212) 223-0400

## PRELIMINARY STATEMENT

Stephen A. Katz's ("Counsel") motion to withdraw as Plaintiff's counsel (the "Motion") appears to be yet another delay tactic to put off summary judgment. Defendant Bank of America, N.A., as successor to Countrywide Bank, N.A. ("BANA" or "Countrywide") cannot evaluate the merits of counsel's Motion because Counsel provided BANA with no facts on which to evaluate his position, except the bare bones and largely meaningless statement that he and Plaintiff "disagree" about "how the case should be handled." Further, in violation of this Court's rules, counsel neither identified the legal basis for the Motion nor submitted a memorandum of law, which failure highlights the likelihood that the position is meritless and is sufficient grounds to deny the Motion.

Plaintiff and counsel have dragged their feet for years. Counsel has been Plaintiff's attorney since he first filed this Action in 2009. (Rudd Decl. ¶2). He is intimately familiar with the case, with Plaintiff, and with her positions. The case has many years of history and the parties have completed discovery with which counsel is familiar. (Rudd Decl. ¶3). When discovery finally closed and the case was ready to be addressed on the merits in November 2013, this Court sought the parties' view as to summary judgment, but the motion was delayed by Plaintiff's frivolous attempt to amend her complaint for a fourth time. (See Rudd Decl. ¶6). Now, that the Court has received pre-motion summary judgment letters, and set a summary judgment schedule as to all parties (Rudd Decl. ¶8), it should not countenance Plaintiff seeking further delay and obstruction, regardless of the decision on this Motion. A summary judgment

schedule has been set, Plaintiff should not be permitted to delay it to seek time to find a new lawyer (a likely exercise in futility) or, if she is allowed to proceed *pro se,* by giving her substantial latitude on deadlines.  Plaintiff's games should end now.

## ARGUMENT

### POINT I

### COUNSEL'S MOTION SHOULD BE DENIED

Local Civil Rule 7.1 requires that, except in identified circumstances not relevant here, all motions shall include a notice of motion that specifies the applicable rules or statutes and a "memorandum of law, setting forth the cases and other authorities relied upon in support of the motion."  Local Civ. R. 7.1(a)(1)-(2).  "A party's failure to comply with Local Civil Rule 7.1 is sufficient cause, by itself, for denying a motion." Melgadejo v. S & D Fruits & Vegetables, Inc., 2013 U.S. Dist. LEXIS 172405, *6 (S.D.N.Y. Nov. 7, 2013); see also, KGK Jewelery LLC v. ESDNetwork, 2014 U.S. Dist. LEXIS 38630 (S.D.N.Y. Mar. 21, 2014); Schlatter v. China Precision Steel, Inc., 296 F.R.D. 258, 261(S.D.N.Y.2013) (refusing to consider opposition to motion where that opposition was unsupported by memorandum of law).

Here, Counsel has not submitted a memorandum of law.  The Court should deny the Motion on that ground alone.  Further, neither in his notice of motion nor in his affidavit served on BANA, did counsel even identify the legal basis for his

Motion, thereby prejudicing BANA's opportunity to evaluate the merits.  That too provides a basis to deny the Motion.

Local Civil Rule 1.4 provides that an attorney may be relieved only on order of the Court upon a "showing upon an affidavit or otherwise of satisfactory reasons for withdrawal."  Rule 1.16(b) of the New York Rules of Professional Conduct requires a lawyer to withdraw, *inter alia*, if he knows that the representation will result in a violation of these Rules or of law or if he knows the client is prosecuting the action merely for the purpose of harassing or injuring any person. 22 NYCRR Part 1200.0. Similarly, Rule 1.16(c) permits withdrawal if, among other reasons, the client persists in a course of action that the lawyer believes to be criminal or the client fails to cooperate. Id.

A court should consider two issues in determining a motion to withdraw as counsel: "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding."  SEC v. Pentagon Capital Mgmt. PLC, 2013 U.S. Dist. LEXIS 151298 (S.D.N.Y. Oct. 18, 2013).  Merely citing "irreconcilable differences" is not sufficient.  See Ghesani v. Trico VIII Petroleum, Inc., 2005 U.S. Dist. LEXIS 29084 (S.D.N.Y. Nov. 22, 2005) (refusing to grant a motion where the attorney was continuing to participate in settlement negotiations and did not assert that withdrawal was mandatory).  Further, in considering whether or not to permit counsel to withdraw, a court may consider the "protracted history of the litigation." SEC v. Great American

<u>Technologies, Inc.</u>, No. 07-10694, 2009 U.S. Dist. LEXIS 117589, 2009 WL 4885153, at *5 (S.D.N.Y. Dec. 15, 2009).

Here, Counsel has demonstrated nothing, and indeed, has not even alleged anything (at least publicly), that would require or entitle him to withdraw.  All he has asserted is that he and his client "disagree about how the case should be handled."  (Public Katz Decl. ¶40).[1]  That allegation is insufficient to entitle or require him to withdraw under NY Rules of Professional Conduct 1.16 or otherwise.[2]  He has not alleged that his client does not want him to continue, something he could easily have included in the Public Katz Declaration if true.  Indeed, glaringly missing from counsel's publicly filed declaration is any assertion as to Plaintiff's view of Counsel's ability to continue as her attorney.

This Action has a long and protected history.  Katz filed it in October 2009; he filed a first, second, and third amended complaint and a motion for leave to file a fourth amended complaint.  (Rudd Decl. ¶2).  Counsel has participated in discovery by, among other things, providing initial disclosures, seeking and producing document discovery, and taking, defending and attending depositions.  (Rudd Decl. ¶3).  Upon information and belief, he has taken part in the selection and retention of two

---

[1]   We refer herein to the declaration Katz actually filed (D.E. 165) as the Public Katz Declaration.  We will refer to the declaration he assertedly submitted *in camera* as the In Camera Katz Declaration.

[2]   BANA is at a notable disadvantage in responding to the substance of the Motion because presumably counsel provided more detail in the In Camera Katz Declaration.  Counsel failed to file any paper even identifying the legal basis on which he seeks to withdraw in violation of Local Civil Rule 7.1(a)(1).  (See D.E.164).

purported experts, and the related production of expert reports, which persons he and Plaintiff wished to testify at trial. (Rudd Decl. ¶3). He has taken part in every conference with the District Judge and Magistrate Judge concerning discovery and other matters. (Rudd Decl. ¶3). He has also engaged in motion practice and even an evidentiary hearing over the conduct of Plaintiff's deposition, at which he called a medical expert to testify. (Rudd Decl. ¶3). Counsel is a solo practitioner and thus he has personally handled all substantive aspects of this matter since its inception about five years ago. (Rudd Decl. ¶3).

Further, this Court recently set a briefing schedule for summary judgment motions with fixed (and approaching) deadlines for Plaintiff's opposition. (Rudd Decl. ¶8). Allowing counsel to withdraw at this late date is likely to disrupt the resolution of this Action, to the prejudice of BANA.

As BANA is unable to comment on the In Camera Katz Declaration, it cannot take any position on facts and arguments put forth there. Nonetheless, it recognizes that Plaintiff has already engaged in actions designed solely to delay. (See Rudd Decl ¶6). This may be more of the same. If Katz has demonstrated to the Court that he is ethically obligated to withdraw and if the Court believes that his withdrawal is required despite the potential prejudice to BANA, this Court should not alter the briefing schedule it recently set merely because it permits withdrawal. Counsel, Plaintiff, and her husband were all present in the courtroom when the schedule was set, and none of them said a word about this Motion or wanting to change the schedule of

Plaintiff's opposition to the summary judgment motions if this Motion were to be granted. (Rudd Decl. ¶8).  They had their opportunity to voice an opinion and should not be heard later on down the road.

## CONCLUSION

For the foregoing reasons, this Court should deny the Motion or, if it grants the Motion based on facts and arguments not disclosed to BANA or otherwise, it should not alter the original summary judgment briefing schedule based on such decision.

Dated:   New York, New York
             November 17, 2014

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
David B. Chenkin
Kenneth C. Rudd
BJ Finneran
Attorneys for Defendant
Bank of America, N.A.
  as successor by merger to Countrywide
Bank, N.A.
1211 Avenue of the Americas
New York, New York 10036
(212) 223-0400
(212) 753-0396 (fax)