Michael Janus
JANUS LAW, PC
825 East Gate Blvd. - Suite 308
Garden City, New York 11530
(516) 683-1200
(516) 320-8949 (fax)

Attorneys for Evolution Mortgage, Inc..

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANCE M. HUTTER,<br><br>                              Plaintiff,<br><br>- against -<br><br>COUNTRYWIDE BANK, N.A., a subsidiary of COUNTRYWIDE FINANCIAL ORPORATION, WATERMARK CAPITAL, INC. and EVOLUTION MORTGAGE, INC.,<br><br>                              Defendants. | Case No.: 09 CV 10092 (NSR) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR SUMMARY JUDGMENT OF EVOLUTION MORTGAGE, INC.,**

JANUS LAW, P.C.
825 East Gate Blvd. - Suite 308
Garden City, New York 11530
Telephone: (516) 683-1200

1

## **PRELIMINARY STATEMENT**

The Plaintiff concedes practically all of the statements of the relevant material facts and the ones she disputes are not disputed by any other proposed facts, but just denied on a matter of semantics and suppositions. The denials are largely based on the supposition that since Mr. Hutter allegedly spoke to Todd Matthews, that therefore there was direct communication with EVOLUTION since why else would Todd Matthews be working on a loan, if it wasn't on behalf of EVOLUTION, the mortgage broker. It's ironic that in this opposition Plaintiff asserts that Todd Matthews was an employee of EVOLUTION, while in the same breadth asserts he was an employee of Watermark in opposition to their motion. What counsel ignores, is that there are no facts in his denial, only proposed possibilities and that those possibilities are based on numerous improper presumptions, such as, that Mr. Hutter was her agent and/or that anything allegedly relayed to him was accurately relayed to his wife, the Plaintiff. This is hearsay at its finest, and there has been no evidence to rebut the prima facie showing of entitlement to summary judgment. The two remaining claims in this action against EVOLUTION are all meritless and this Court should grant EVOLUTION summary judgment. Not only does Plaintiff continue to misrepresent undisputed documentary facts to this Court, she simply ignores clear authority supporting summary judgment. Plaintiff also appears to continue to argue violations of the New York Banking Law by EVOLUTION, despite Judge Seibel dismissing that claim.

Plaintiff has clearly failed to establish a material question of fact that an act of EVOLUTION was materially deceptive, as well as failed to show that any act of EVOLUTION caused Plaintiff any damage. Indeed, there is no material question of fact that HUTTER was not damaged in any cognizable way.

Plaintiff has also failed to establish a material question of fact that EVOLUTION did not perform settlement services in connection with the loan. In fact, Plaintiff admitted that EVOLUTION did some of the mortgage broker work for the loan.

The Affidavit in Opposition clearly fails to rebut EVOLUTION's prima facie showing of entitlement to summary judgment. In fact, it is of no probative value. All it states is that she stopped making her payment, and that she could not afford it. Considering she was aware that she had no income, this should not have come as a surprise to her. There is absolutely nothing in it to support her claim against EVOLUTION. For the Court to determine that the arguments presented by Plaintiff are sufficient to rebut the prima facie showing of entitlement to summary judgment would mean that the Court will have take a bigger leap then Neil Armstrong took when he first stepped on the moon.

## ARGUMENT

### POINT I

### THE GBL §349 CLAIM FAILS AS A MATTER OF LAW

The memorandum in support of this motion clearly set forth that Plaintiff's GBL § 349 claim fails as a matter of law. Since the Plaintiff is unable to set forth any cognizable evidence indicating otherwise, she makes a series of speculative and unsubstantiated arguments in support her GBL § 349 claim which this Court has already rejected. In order to prevail on a GBL § 349 claim, a plaintiff must, among other things, prove that a defendant committed an act or was engaged in a practice that was misleading in a material way. See Maurizio v. Goldsmith, 230 F.3d 518, 521 (2nd Cir. 2000). Being unable to overcome the undisputed material facts that Evolution did not have any communication with the Plaintiff (other than the one phone call with

3

Joseph Sciacca to schedule an appraisal) and therefore could not have deceived her or caused her harm, Plaintiff sets forth numerous speculative theories, hoping the Court may be deceived and think there is something of substance. The Plaintiff appears to hope that the Court will take one giant leap from fantasy to reality, but that isn't the case. The arguments offered by the Plaintiff lack substance as well as evidence to support her claim. Despite the Court denying the application to amend the Complaint for Mr. Hutter to be considered her agent, counsel continues to try to save this sinking case with conjecture based upon what Mr. Hutter was allegedly told and which he then allegedly relayed to his wife.

No communication to Plaintiff was deceptive or misleading in a material way. In fact, other than the one conversation Mrs. Hutter had with Joseph Sciacca regarding the appraisal (which only he recalled while she denied any communication with Evolution at all), there was no other communication with Evolution, so it would be impossible for her to prove any acts that were likely to mislead a reasonable consumer acting reasonably under the circumstances. And clearly, no reasonable consumer could be mislead that they could afford any type of mortgage payments, when they had no income whatsoever. As previously stated any communications were made to Mr. Hutter and not Mrs. Hutter, so if Mrs. Hutter was ever deceived, it could have only been by her husband.

Plaintiff still tries to save this sinking case claiming that she was verbally promised that her interest rate would be a 1.5% fixed rate and that she received pre-closing documents confirming same. The only verbal promise she could have received was from her husband who supposedly did all of the negotiating. If anyone would have deceived her, it was him. As previously stated, this Court has already found the allegation that the proposed loan was to be at a fixed rate to be sanctionable in light of the clear language on the GFE (the document on which

4

Plaintiff rests the allegation) that the loan was to be an adjustable rate loan. See id., Ex. 8, pp. 37-38.

What is comical, is that counsel is now stating that the $38,500.00 monthly income listed on the loan application did not mislead her, since she knew what her own income was, which was zero. What is not disputed, is that she had no income. So with that being said, why would she sign a document that she knew was false, unless she wanted to mislead the bank so she could get the money. In fact, as had already been discussed, section IX of the loan application which she signed, was an acknowledgment and agreement that all of the information was true and correct as of the date it was signed and any intentional or negligent misrepresentation of the information contained therein could lead to civil penalties and/or possible criminal penalties. See id., Ex. 9. Since Mrs. Hutter concedes she knew her monthly income was not $38,500.00, and in fact was overstated by $38,500.00, she unequivocally made an intentional misrepresentation and she should be prosecuted for same. What she also fails to mention in her opposition, is that no one forced her to take this loan and she had a three day right of rescission, which she chose not to exercise. To claim she was deceived is deplorable, when she was the one who was deceptive.

Evolution's Actions Did Not Cause Plaintiff's Injuries

Plaintiff's alleged injuries are speculative and not supported by evidence or viable under the law. While counsel should get an A for effort for his creative writing, there is nothing of substance. She was never promised a 1.5% fixed interest rate as counsel continuously argues. In fact, all of the documents that were signed, including the GFEs contained the notation that it was an adjustable rate loan, as pled by the Plaintiff three times. The promissory note she signed at the closing also clearly stated that it was a monthly adjustable rate pay option note. Accordingly, the

GBL claims fails for the additional reason that Plaintiff cannot demonstrate a causal link between EVOLUTION's actions and any injury.

Plaintiff has clearly failed to set forth any admissible evidence to prove "actual" injury to recover under GBL § 349.

### POINT II  THE CLAIM UNDER 12 U.S.C. § 2607(A)-(B) OF RESPA FAILS AS A MATTER OF LAW

Plaintiff admits that EVOLUTION performed mortgage broker services for this loan and therefore there can be no claim that EVOLUTION violated the Real Estate Settlement Procedure Act (RESPA) which prohibits unearned fees.

### CONCLUSION

For all the foregoing reasons, this Court should grant summary judgment in favor of EVOLUTION on all of Plaintiff's claims and the cross-claims.

Dated:   Garden City, New York
         March 28, 2015

                                        JANUS LAW, PC

                                        By: _____
                                        Michael Janus
                                        Attorneys for Defendant
                                        Evolution Mortgage, Inc.
                                        825 East Gate Blvd.-Suite 308
                                        Garden City, New York 11530
                                        (516) 683-1200