UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NANCE HUTTER,

                Plaintiff,

-against-

COUNTRYWIDE BANK, N.A., a subsidiary of
COUNTRYWIDE FINANCIAL CORPORATION;
WATERMARK CAPITAL, INC.; and
EVOLUTION MORTGAGE, INC.,

                Defendants.

No. 09 Civ. 10092 (NSR)

OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

    Plaintiff Nance Hutter, now proceeding *pro se*, is preparing to bring this action to trial on the sole remaining claim that survived summary judgment. After expressing frustration at Plaintiff's failure to meaningfully confer in anticipation of trial, Defendant submitted the pending motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute this action. (ECF No. 212.) For the reasons set forth below, Defendant's motion is DENIED.

## BACKGROUND

    This action was removed to federal court on the basis of original jurisdiction on December 10, 2009, by former defendant Bank of America, N.A., a successor by merger of named former defendant Countrywide Bank, N.A. (Notice of Removal, ECF No. 1.) After many years of motion practice, including three amendments to the complaint, the sole remaining claim over which the Court retains supplemental jurisdiction is for an alleged violation of New

York Banking Law § 590(2)(b): "[n]o person, partnership, association, corporation or other entity shall engage in the business of soliciting, processing, placing or negotiating a mortgage loan" without being properly registered in New York.  (*See* Opinion & Order of Sept. 14, 2015 (denying summary judgment for Defendant Watermark Capital, Inc., due to the genuine disputes of material fact as to whether Watermark solicited, processed, or negotiated Plaintiff's mortgage loan despite not being the broker of record, and as to whether Watermark's employees or agents were properly authorized to work on the loan before closing), ECF No. 203.)[1]

After Plaintiff's attorney was sanctioned and subsequently withdrew from representing her in this action, the Court directed her to either seek new counsel or proceed *pro se*.  (*See* ECF No. 204.)  Two months later at a conference held on November 23, 2015, Plaintiff had not secured new counsel.  The Court, therefore, deemed her *pro se* and set a pre-trial schedule with trial commencing on the week of June 20, 2016.  Defendant Watermark filed the motion now before the Court on May 27, 2016 (ECF No. 212), due to Plaintiff's alleged failure to prosecute the action, including her failure to communicate with defense counsel in order to comply with the Court's scheduling order.  (*See* Def. Mem. in Supp. of Mot. to Dismiss ("Def. Mem."), ECF No. 214.)  Plaintiff responded on June 10, 2016.  (Pl. Obj. to Mot. to Dismiss ("Pl. Opp'n"), ECF No. 218.)  At a conference held that day, the Court rescheduled the trial for January 23, 2017.

While the motion was pending, Defendant alleged in correspondence with the Court and Plaintiff that the same failures were ongoing.  The Court granted Defendant's request to supplement its submission with those allegations.  (*See* Order of Dec. 7, 2016 ("Dec. 7 Order"),

---

[1] Former defendant Bank of America based the removal on this Court having original jurisdiction over Plaintiff's Truth in Lending Act, Real Estate Settlement Procedures Act, and RICO claims, with supplemental jurisdiction over Plaintiff's New York statutory and common law claims—which included alleged violations of New York's Deceptive Practices Act and Banking Law, as well as allegations of fraud in the inducement, civil conspiracy to commit fraud, tortious interference, and breach of fiduciary duty.

ECF No. 228.)  The Court also takes into consideration all of Plaintiff's actions in this matter since November 23, 2015.

## STANDARD ON A MOTION TO DISMISS
## FOR FAILURE TO PROSECUTE

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f [a] plaintiff fails to prosecute or to comply with the[] [federal] rules or a court order, a defendant may move to dismiss the action or any claim against it."  "The 'primary rationale' for dismissal pursuant to Rule 41(b) is 'the failure of plaintiff in his duty to process his case diligently.'" *Gonzalez v. Comm'r of Social Security*, No. 09 Civ. 10179 (RJS), 2011 WL 2207574, at *1 (S.D.N.Y. June 2, 2011) (quoting *Lyell Theatre Corp. et al. v. Loews Corp. et al.*, 682 F.2d 37, 43 (2d Cir. 1982)). "Unless the dismissal order states otherwise, a dismissal under [Rule 41(b)] . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).  Dismissal is, therefore, "a harsh remedy to be utilized only in extreme situations." *Alvarez v. Simmons Market Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (quoting *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)).

The decision to dismiss pursuant to Rule 41(b) is left to the discretion of the district court. *See Nita v. Connecticut Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994); *see also Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) ("Although not explicitly authorized by [Rule 41(b)] dismissal may be made *sua sponte*").  There are several factors that a court should consider in determining whether to dismiss a case for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

3

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).  "'Generally, no one factor is dispositive.'" *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999) (Sotomayor, J.) (quoting *Nita*, 16 F.3d at 485).  But "district courts should be especially hesitant to dismiss for procedural deficiencies where [] the failure is by a *pro se* litigant."  *Lucas*, 84 F.3d at 535.

## DISCUSSION

It has been over <u>seven</u> years since this action was filed in state court.  Since proceeding *pro se*, Plaintiff has made limited progress in preparing for trial against the only remaining Defendant in this action.  The Court agrees that she has not diligently prosecuted the matter in the same fashion that the Court would expect from trained legal counsel.  (*See* Def. Mem. at 3-4.)  Clearly, Plaintiff's failures are traceable to her counsel's withdrawal, given that the prior prosecution of the action by her attorney was of a different tenor.  *See Alvarez*, 839 F.2d at 932 (dismissal unwarranted where plaintiff had "timely complied with all requests of the court and the defendants" prior to the first instance of delay attributable to plaintiff that led the court to dismiss the action).  Nevertheless, the Court is mindful of her *pro se* status, as well as her claimed cognitive impairment.[2]  Moreover, she has shown a desire to move forward with this litigation despite her arguable shortcomings.

The Court is not convinced, however, that Plaintiff recognizes the strain that her actions have placed on the Court and its docket.  Each participant in a civil action plays a crucial role in the shaping the outcome of the proceedings.  *See Doe v. C.I.A.*, 576 F.3d 95, 107 (2d Cir. 2009) (explaining the fundamental nature of the adversarial process, which can "inform[] and sharpen[]

---

[2] Plaintiff has submitted a letter from Dr. F. Carl Mueller, dated July 25, 2013, discussing her "notable cognitive impairments," including "memory difficulties, problems with executive functioning such as planning and organization[,] and very severe mental fatigue," and recommending that a six-hour deposition be conducted in two-hour periods with at least one-hour breaks to allow Plaintiff to provide "rational testimony and suffer only minimal trauma."  (*See* Attachment to *Pro Bono* Counsel Request: Letter from Dr. Mueller to Hon. J. Lefkowitz of the Supreme Court for the State of New York, Westchester County, ECF No. 223.)

the judicial inquiry" in an action and "assure[] each litigant a fair chance to explain, complain, and otherwise be heard"). A plaintiff prosecutes the action, a defendant defends, and the Court adjudicates. When a defendant fails to respond, a default judgment may be entered. Fed. R. Civ. P. 55. And, when a plaintiff abandons or neglects a cause of action, it can be dismissed for want of prosecution. Fed. R. Civ. P. 41(b).

As the Court recently explained, Plaintiff waited until less than two months before trial was scheduled to commence—after proceeding without an attorney for over a year—to request *pro bono* counsel to assist her in this action. (*See* Dec. 7 Order at 2.) In the Court's assessment, Plaintiff has also failed to meaningfully confer with defense counsel in the preparation of materials for trial, such as the designation of exhibits and testimony as part of the joint proposed trial order. (*See* ECF Nos. 221-236.) The proposed trial order finally submitted demonstrates both a lack of understanding as to the narrowness of the issue for trial and an unwarranted level of contentiousness on Plaintiff's part. (*See* ECF No. 236, Ex. 1.)

The Court is satisfied that Plaintiff should have understood the consequences of failing to meaningfully participate in the conferral process with defense counsel, but finds it would be a draconian remedy to dismiss the action now on the basis of these failings. In considering the appropriateness of imposing other sanctions in response to Plaintiff's lack of diligence, the Court finds monetary or alternative sanctions under Rule 16(f) would be inconsistent with Plaintiff's *pro se* and *in forma pauperis* status. Furthermore, the Court is unconvinced that the imposition of a monetary fine in this case would result in materially improved performance by Plaintiff.

Therefore, Defendant's motion to dismiss is denied, and the Court will not impose any alternative sanctions. If Plaintiff is unprepared for trial, then that will be sanction enough.

## CONCLUSION

For the foregoing reasons, Defendant's motion is DENIED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 212.

Dated: January 9, 2017
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge